[Civ. No. 18129.   First Dist., Div. Two.   Aug. 5, 1958.]

LYDIA YANKE, Appellant, v. STATE DEPARTMENT OF PUBLIC HEALTH et al., Respondents.

Lawrence E. Wright for Appellant.

Edmund G. Brown, Attorney General, Richard H. Perry and Wiley W. Manuel, Deputy Attorneys General, for Respondents.

DRAPER, J.—In 1953, respondent department issued to petitioner and another a license for the operation of a 50-bed convalescent home in Marin County. The license was reissued January 1, 1954, to petitioner alone. In August, 1954, an accusation against petitioner was filed, seeking revocation of the license. Upon issue being joined, the case was referred to a hearing officer for hearing by himself alone. (Gov. Code, § 11512, subd. (a).) After a full hearing, this officer found a number of the charges in the accusation to be true, and recommended that petitioner be placed on probation for 5 years. The State Board of Public Health refused to accept this recommendation, ordered preparation of a transcript of the proceedings before the hearing officer, and set the matter for oral argument. (Gov. Code, § 11517, subd. (c).) After argument, the board ordered revocation of petitioner's license. She then filed in the superior court this petition for writ of mandate. The case was submitted upon the transcript of proceedings before the hearing officer, without further evidence. After argument, the court entered its judgment denying the writ. Petitioner appeals.

Appellant first contends that she was denied due process in the proceedings before the board, arguing that she was entitled to notice of the proceeding at which the board ordered preparation of a transcript of the hearings before the hearing officer. But appellant points to no statute

requiring such notice. The board may adopt the hearing officer's proposed decision (Gov. Code, § 11517, subd. (b)) and may do so without reading the transcript of the hearing. (*Hohreiter* v. *Garrison,* 81 Cal.App.2d 384, 396, et seq. [184 P.2d 323].) However, if the proposed decision is not adopted, the board, before it can render a contrary decision, must read the record and afford the parties the opportunity for argument. (Gov. Code, § 11517, subd. (c); *Hohreiter* v. *Garrison, supra,* p. 396.) Here the board merely ordered preparation of the transcript ''in order to review it and make a final decision whether or not to take action other than that recommended'' by the hearing officer. The parties were afforded opportunity for argument before such decision was reached. There was no violation of any statutory requirement and no denial of due process.

◼ Appellant also claims deprivation of due process in the failure of respondent to have the hearing officer present at the determination just discussed and at the noticed argument of June 7, 1956, when the revocation order was made. But review of the code sections as a whole makes clear that the ''hearings'' at which the hearing officer must preside are proceedings where evidence is taken or questions of law presented. Neither the meeting of the board to order a transcript nor that to hear argument were in this category. At oral argument, the sole question was the penalty to be imposed. No evidence was received, and no argument is or was made that the more severe penalty imposed by the board was beyond that permitted by law.

◼ Petitioner also asserts denial of due process in the alleged ''ambiguity'' of the accusation. But review of the record clearly indicates that appellant was sufficiently informed to prepare a full and detailed defense to the charges.

◼ All three of these assignments of error run to proceedings before the administrative board. But the case has been fully heard by the superior court, which was authorized to exercise its independent judgment on the evidence. Thus there has been a full and fair judicial hearing, and the claimed errors of mere procedure before the administrative body cannot now be asserted. (*Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242, 246-247 [217 P.2d 630, 18 A.L.R.2d 593].)

◼ Appellant argues that four departmental regulations (Cal. Admin. Code, tit. 17, §§ 280, 285, 293, 294), shown to have been violated, are beyond the rule making power of the

department. These regulations require keeping of proper records of patients, limit admissions to patients under the care of a person licensed to diagnose and treat human illness, require adequate personnel, and prescribe the qualifications of the person in charge of nursing care. Appellant's argument is that the legislative act does not authorize such regulation. The act provides: ''The State department . . . shall make and promulgate . . . reasonable rules and regulations to carry out the purposes of this chapter, classifying hospitals and prescribing minimum standards of safety and sanitation in the physical plant, of diagnostic, therapeutic and laboratory facilities and equipment for each class of hospitals.'' (Health & Saf. Code, § 1411.) It cannot be questioned that this section authorizes regulations concerning design and construction of a hospital building. (*West Covina Enterprises, Inc.* v. *Chalmers,* 49 Cal.2d 754, 760 [322 P.2d 13].) Appellant appears to argue that the board's regulatory authority is limited to design and construction. This argument seeks an unreasonably narrow construction of the code section itself; and, further, overlooks the fact that section 1411 specifically authorizes regulations ''to carry out the purposes of this chapter.'' The purpose of the act is ''to provide for the better protection of the public health . . . by providing for state licensing, inspection, regulation, and supervision of . . . hospitals.'' (Stats. 1945, chap. 1418, § 1, p. 2667.) It would be absurd to hold that such purpose would be attained by requiring construction in accordance with accepted safety and sanitation practices, while ignoring the factors of safety and sanitation in maintenance and operation of a hospital within the structure when completed and used. We are satisfied that the act adequately prescribes the field of regulation, and sets out sufficient standards therefor. (*Dickey* v. *Raisin Proration Zone No. 1,* 24 Cal.2d 796 [151 P.2d 505, 157 A.L.R. 324]; *Jersey Maid Milk Products* v. *Brock,* 13 Cal.2d 620, 641 et seq. [91 P.2d 577].)

Appellant was found to have violated the regulation that ''Sufficient personnel shall be employed to give adequate care to patients both day and night. Provisions shall be made for nursing coverage during vacations or other relief periods.'' (Cal. Admin. Code, tit. 17, § 293.) She argues that the first sentence is void for uncertainty in its references to ''adequate care.'' It may be noted that the violation of the requirement of the second sentence, which is not disputed, clearly involves failure to provide sufficient personnel for

adequate care. Further, the word "adequate" is not so uncertain as to render a penal statute invalid. (*People* v. *Kiser,* 112 Cal.App.2d Supp. 903 [245 P.2d 1125].) The evidence clearly shows violation of even a minimal requirement under this regulation.

█ Appellant also was found to have violated departmental regulations by admitting a "drug addict," "alcoholic," and "persons with mental diseases." (Cal. Admin. Code, tit. 17, § 235.) She asserts that the terms just quoted are so vague and uncertain as to render the regulation invalid. We do not agree. The terms are in common usage, and the testimony of experts showed that the uncertainties, if any, can be resolved.

We find no merit in appellant's contention that three other regulations, found to have been disregarded by her, were unrelated to public health.

Appellant's final arguments concern the rule that intentional and arbitrary discrimination in the enforcement of a statute fair on its face is a violation of the equal protection clause of the 14th Amendment. (*Yick Wo* v. *Hopkins,* 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220].) She argues that she has established such discriminatory enforcement here. But she overlooks the qualification that "mere laxity of enforcement, although it may result in the unequal application of the law to those who are entitled to be treated alike, is not a denial of equal protection in the constitutional sense. . . ." (*Wade* v. *City & County of San Francisco,* 82 Cal.App.2d 337, 339 [186 P.2d 181].) This question of fact was presented to the trial court, which declined to make a finding of arbitrary discrimination.

█ Appellant also asserts error in the quashing of a subpoena to respondent requiring production of all correspondence between agents of the department and each of the five other nursing homes in Marin County, all reports of "inspections, investigations and/or visits" by department agents of or to each home, and all notes or memoranda in the department files concerning "the owners, operators, managers, operation or management" of each home, all for the period May 1, 1953 to November 9, 1956. The question of the relevancy of this mass of material clearly was for the trial court. The hearing officer, who denied appellant's request for production of like information, pointed out that a great quantity of "comparison evidence" had been admitted. The transcript

of this testimony of persons familiar with the operation of the several homes was before the trial court, which thus was in a position to determine whether there was any indication of a reasonable basis for further evidence upon appellant's claim of arbitrary discrimination. If appellant's contention were sustained, every proceeding for revocation of a professional license would call for review of the file of every licensee in the state. Extended to criminal cases, such a rule would involve the trial courts in endless inquiry into immaterial matters. The mere fact that some others are not prosecuted is not a defense. In the absence of some definite offer to show that there is a discrimination which is in fact arbitrary, the court was not compelled to invoke its process and consume its time in a mere fishing expedition. Still further, the code prohibits disclosure by the department of most of the information sought by appellant. (Health & Saf. Code, § 1416; see also Code Civ. Proc., § 1881, subd. (5).) We are satisfied that appellant was in no way prejudiced by the quashing of the subpoena.

Appellant's real complaint appears to be that the penalty is too severe. However, the extent of penalty is within the discretion of the board (Code Civ. Proc., § 1094.5), and where the trial court, on substantial evidence, concludes that the board has acted within its jurisdiction and has not abused its discretion, the matter of punishment is not reviewable here. (*Nardoni* v. *McConnell,* 48 Cal.2d 500, 507 [310 P.2d 644].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied September 4, 1958, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1958.