TOBRINER, J.
 

 A disciplinary action by the Department of Alcoholic Beverage Control, the affirmance of its decision by the Appeals Board, and the superior court’s denial of a writ of mandate to vacate the decisions of these two administrative bodies generate the three issues appellant presents: (1) failure of the department to serve appellant with a copy of the hearing officer’s proposed decision prior to its adoption as the actual decision, (2) denial of procedural due process
 
 *146
 
 because of the failure of the department to obtain and consider a transcript of the hearing officer’s proceeding before it rendered the actual decision, and (3) the sufficiency of the evidence to sustain the disciplinary action. We shall consider each issue in turn and indicate why the writ of mandate was properly refused.
 

 We narrate the sequence of facts.
 

 Appellant Dami held a general off-sale liquor license for his drug store at 735 Washington Street, Oakland, California. One Drader owned a retail package liquor license for the Dorris Drug Store, located in the City of Dorris, Siskiyou County, California. On August 20, 1955, a fire damaged the stock in the Dorris Drug Store. On August 23, 1955, Drader, for full payment of the policies, relinquished to the American Druggist Fire Insurance Company, and its agent Ferguson, all his interest in merchandise contained within the store. On August 23, 1955, appellant agreed to purchase the salvaged merchandise from Ferguson, to package it, including the liquor, and to ship it to Oakland, California, where it was to be inventoried. With the aid of two of Drader’s clerks, appellant salvaged some of the merchandise.
 

 On August 25, 1955, while engaged in these salvage operations appellant sold several bottles of liquor to three local Dorris residents, allegedly as an accommodation for furnishing boxes and cord for the packaging of the salvaged goods. Appellant admitted that at the time the insurance company still owned the damaged liquor. No permission had been sought by the insurance company to take the liquor from the Dorris Drug Store, and at no time did Drader hire appellant to work for him. Nor did Drader pay appellant for any services.
 

 As a result of these liquor sales the department in a criminal complaint charged appellant with violating section 23300 of the Business and Professions Code. Appellant admitted the sales and pleaded guilty to the charge. On November 9, 1955, District Liquor Control Administrator Morrill filed an accusation against appellant charging him with violation of sections "23300 [and 24200(b)] of the Alcoholic Beverage Control Act.” On December 13, 1955, appellant submitted his notice of defense alleging that the accusation failed to state a cause of action. Overruling this defense, which was in the nature of a demurrer, Hearing Officer McDonald proceeded to hear the matter.
 

 On January 20, 1956, the hearing officer rendered a pro
 
 *147
 
 posed decision which contains the following findings of fact and recommendation for an indefinite suspension of appellant’s license: "It is true that on or about August 25, 1955 [appellant] . . . sold several bottles of whiskey, alcoholic beverages, in the City of Dorris, Siskiyou County, California, at which time the said [appellant] . . . held an off-sale general license for premises located at 735 Washington Street, in the City of Oakland, Alameda County, California, but not for any other premises, and particularly not for any premises in the said City of Dorris, as charged in the accusation.”
 

 Respondent department did not serve a copy of this proposed decision upon appellant prior to the time it was adopted. With the exception of a reduction in the suspension to only 30 days, the department adopted the proposed decision as the actual decision. The department served the proposed decision upon appellant concurrently with the actual decision. The Alcoholic Beverage Control Appeals Board affirmed the decision on November 15, 1956.
 

 On December 27, 1956, appellant filed a petition for a writ of mandate in the Superior Court of Alameda County seeking an order compelling the department and the Appeals Board to vacate their decisions. Appellant and respondents stipulated that the transcript of the proceedings before the hearing officer was not prepared until after the department’s adoption of the proposed decision; that the department adopted the proposed decision after a review confined to the accusation of November 9, 1955, the notice of defense of December 12, 1955, and the proposed decision. The superior court denied the writ; appellant appeals from this denial.
 

 Appellant’s contention that service of the proposed decision must precede rendition of the final decision calls for an interpretation of the pertinent Government Code section, 11517, and for consideration of the application of due process as to such service. We believe that neither the legislative history nor the statutory language compels prior service of a hearing officer’s proposed decision in a case in which the department adopts the prior as the ultimate adjudication.
 
 *
 

 
 *148
 
 The Legislature’s own action in regard to the prior service of the proposed decision is highly persuasive as to the meaning of the language of the subdivision on this matter. (See :
 
 In re Haines
 
 (1925), 195 Cal. 605 [234 P. 883];
 
 People
 
 v.
 
 Puritan Ice Co.
 
 (1944), 24 Cal.2d 645, 653 [151 P.2d 1].) Chapter 1661 of the Statutes of 1955, which contains the pertinent language, emanated from Assembly Bill No. 2222, introduced on January 19, 1955. The bill originally provided, “A copy of the proposed decision shall be served by the agency on each party in the case and his attorney
 
 at least 10 days before the agency decides the case.”
 
 (Italics added.) Upon recommendation of the Assembly Committee on Judiciary, the Legislature on May 26,1955, struck out the words “at least 10 days before the agency decides the case.’’ (Assem. Jour. Reg. Sess., 1955, vol. 1, p. 765, and vol. 2, p. 4827.)
 

 Although amici curiae ingeniously argues that the Legislature did not refuse to enact a provision for prior service but only a provision for a
 
 ten day
 
 prior service, which would not fit all agencies, this contention would compel us to seize upon this particular reason for legislative action, although we have no warrant to do so. If the Legislature meant to reject the time proviso only and to save the general requirement as to prior service, it could easily have said just that. It has certainly demonstrated in other cases its ability to legislate for prior service of findings. (See Code Civ. Proc., § 634.) We must conclude this history shows no legislative intention to require prior service of the proposed decision.
 

 Nor does the language of the subdivision contain any specific provision for such prior service. Indeed the purport of the subdivision gives the reason for the omission. In the first place, the prior service would be meaningless unless the statute granted a concomitant opportunity for prior argument in opposition to the proposed decision. Yet the Legislature
 
 *149
 
 specifically excluded provision for such argument in this subdivision while it included it in subdivision (c), which covers a situation in which the agency refers “the case to the same or another hearing officer to take
 
 additional
 
 evidence.” (Italics added.) Apparently the Legislature omitted the mandate for preliminary service because in the situation in which the agency accepted the proposed decision it saw no occasion for further argument.
 

 In the second place, the Legislature’s purpose in providing for service of the proposed decision affords a protection to the licensee, not related to further argument. Such service guarantees to the licensee the enforcement of his right either to total adoption of the hearing officer’s proposed decision or to a new hearing. Thus, when an accused is served with the actual decision, which purports to be an adoption of the proposed decision, he no longer must check the department’s public records; he has the document in his hands.
 

 Amici curiae contend that this “geographical convenience” to the licensee in personally securing the document rather than in obtaining it as a public record in Sacramento does not support the above stated legislative purpose. But does not this contention reach to the wisdom of the reason rather than to its presence
 
 1
 

 Amici curiae further suggest that the requirement for services of a
 
 proposed
 
 decision necessarily contemplates such service while the case is still in “a state of nondeeision”; otherwise, it is no longer “proposed.” But the above explanation of the legislative purpose would render the service of the “proposed” decision important for purposes of comparison, even if at the date of receipt it were no longer “proposed.”
 

 Appellant argues that subdivision (c) must be read to require that the “proposed decision ... be served
 
 prior
 
 to the time the agency takes action” because that subdivision states the “agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself.” It would be “absurd,” states appellant, to call for argument without prior service of the proposed decision. According to appellant, since the sentence requiring service precedes the sentence as to the adoption of the proposed decision in
 
 loth
 
 subdivisions (b) and (c), and since the sections should be interpreted uniformly, the intention of the Legislature in each must have been to provide for service of
 
 *150
 
 the proposed decision
 
 before
 
 its possible acceptance. Assuming the force of the contention as to subdivision (c), we fail to find its application to subdivision (b), which contains none of the language upon which appellant relies. The Legislature obviously set up a different procedure under the prior subdivision (b). In the latter subdivision (c), dealing with a case which is referred to a hearing officer for taking
 
 “additional
 
 evidence,” the Legislature may well have intended an opportunity for
 
 further
 
 argument before final rendition of the decision.
 

 We conclude that the language of the statute proAÚdes no requirement for prior service. To read into the subdivision such a provision would be to insert that which the Legislature omitted. Appellant contends, hoAvever, that the literal absence of the requirement does not obviate the due process mandate that such service be afforded in any event. Further, they urge as a principal deprivation of due process the director’s adoption of the hearing officer’s proposed decision after receiving only the accusation, notice of defense and proposed decision, without his even “being acquainted” with the record. Appellant’s two constitutional arguments are aspects of the same syndrome since the preliminary right of protest as to the proposed decision would call for resort to the record at this point to resolve any conflicts or error. Appellant in substance contends for the right of the accused to protest the content of the proposed decision and the obligation of the agency to consult the record before resolving the issue.
 

 Two interests contend for acceptance here: the right of the party regulated to a full hearing as opposed to the modern administrative.state’s need that its various agencies function expeditiously. These interests, carried to their conceivable extremes, become irreconcilable. Insistence that the Director of the Department of Alcoholic Beverage Control review the transcript of the whole proceeding involves “[t]he dilemma in which agency heads find themselves [as] is well illustrated by the reported instance [Davis, Cases on Administrative Law (1951), page 423] of the Interstate Commerce Commissioner who found that over a period of two years he cast a vote eArery 12% minutes of working time.” (Cooper,
 
 Administrative Law: Let Him Who Hears Decide,
 
 41 American Bar Association Journal (1955), pp. 705-708, 771-773, at p. 705.) On the other hand, Professor Tresolini emphasizes the importance of proteeing the individual: “The enormous expansion of executive powers . . . has deeply affected traditional rights
 
 *151
 
 and privileges of private persons and property. ' The still increasing demands for social and economic services by the government make it imperative that the administrative process be constructed so as to render additional services without sacrificing basic political ideals.”
 
 (The Development of Administrative Law,
 
 12 Univ. Pitt. L. Rev. (1950-1951), pp. 362-380, at page 380.)
 

 Becognizing that extreme application of each ideal would thwart administration itself, we cannot rule that the Legislature ’s attempt at reconciliation here fails upon the ground of due process. Due process cannot become a blunderbuss to pepper proceedings with alleged opportunities to be heard at every ancillary and preliminary stage, or the process of administration itself must halt. Due process insists upon the opportunity for a fair trial, not a multiplicity of such opportunities. Due process is not a frozen Draconian code but the concept that in some one of multifarious procedures the accused shall be afforded before judgment the right to a full hearing. The form of the procedure is not vital, only the substance of the right.
 

 We believe we must follow the exhaustive and illuminating decision of Justice Peters in
 
 Hohreiter
 
 v.
 
 Garrison
 
 (1947), 81 Cal.App.2d 384 [184 P.2d 323]. In that case the Insurance Commissioner, having previously licensed Hohreiter, instituted disciplinary proceedings against him. Pursuant to determination of the commissioner, a hearing officer heard the case alone and thereafter prepared a “Proposed Decision.” The Insurance Commissioner adopted
 
 in toto
 
 this proposed decision, admittedly without reading or obtaining the record of the trial before the hearing officer. Hohreiter filed a petition for a writ of mandate in the superior
 
 court;
 
 the court tried the matter and denied the writ. This court affirmed the trial court’s denial of the writ.
 

 The decision states, “ [T]he most important contention of appellant . . . [is] that he was deprived of due process of law because the commissioner adopted the findings and proposed decision of the hearing officer, without reading or hearing the evidence produced before the hearing officer. It is urged that the commissioner ‘decided’ the case, and that due process requires that ‘he who decides must hear.’ . . . This contention raises . . . the question as to the constitutionality and interpretation of . . . section 11517 of the Government Code. . . . (P. 393.) [I]n cases where the hearing
 
 *152
 
 officer sits alone, the administrative agenc3r ma3r, b3r adopting his proposed decision, in legal effect, and with statutory permission, delegate the power to decide to the hearing officer. (P. 396.) We conclude this point with the holding that section 11517, properly interpreted, provides that where the hearing officer acts alone the agency may adopt his decision without reading or otherwise familiarizing itself with the record.” (P.399.)
 

 Although amici curiae would distinguish this ease from the instant one upon the ground that it involved a state-wide administrative agency and that its process was subject to trial de novo in the superior court, the first is not a basic and the second, not a conclusive ground. The court designated the latter as ‘ ‘ another additional and cumulative reason why . . . due process was afforded appellant.” (P. 401.)
 

 The principle of
 
 Hohreiter
 
 has been accepted by the Supreme Court of California. In
 
 National Auto. & Cas. Ins. Co.
 
 v.
 
 Industrial Acc. Com.
 
 (1949), 34 Cal.2d 20, 28 [206 P.2d 841], that court held that “the commission . . . [could] make a factual determination contrary to that of a referee although the testimony is conflicting and it did not itself hear the testimony or observe the witnesses, but did examine the evidence and record. ’ ’ The Supreme Court further stated, “Implicit in the rule that it is not a denial of due process for the commission to base its award on a report of a referee although it does not review the record, is the corollary thai if it reviews the evidence in the record it may validly make an award contrary to the referee’s recommendation, i . . See, also, . . .
 
 Hohreiter
 
 v.
 
 Garrison.
 
 ...” (P. 30.)
 

 Cooper
 
 v.
 
 State Board of Medical Examiners
 
 (1950), 35 Cal.2d 242 [217 P.2d 630, 18 A.L.R.2d 593], involved a hearing before the Board of Medical Examiners in which, before completion, one half of the Board members were replaced. After hearing the balance of the evidence the Board rendered its decision. The Supreme Court held: “We are of the view that the Legislature did not, by . . . section 11517 [a] of the Government Code . . . intend to require auditory perception of all the evidence by each board member who votes. ... If the hearing is held before a hearing officer alone, the agency may adopt the officer’s ‘proposed decision in its entirety or may reduce the proposed penalty and adopt the balance of the proposed decision’ (Gov. Code, § 11517(b)), without reading the record
 
 (Hohreiter
 
 v.
 
 Garrison
 
 (1947),
 
 supra . . .
 
 [page] 397). . . .” (P. 246.)
 

 
 *153
 
 The cases cited by appellant and amici curiae do not refute
 
 Eohreiter.
 
 Indeed the Morgan cases, upon which they rely, are there discussed. “But . . . [the Morgan eases] cannot be interpreted to mean that, where a fair trial is required by the statute before a fair and impartial hearing officer who is required by the statute to weigh and appraise the evidence and to prepare a proposed decision, the Legislature cannot provide that the administrative agency may adopt his proposed decision without reading the record. ... In the federal statute there involved there was no statutory officer clothed with statutory powers comparable to a hearing officer as provided in section 11517 of our Government Code.” (P. 401.)
 

 Appellant’s citation of
 
 Covert
 
 v.
 
 State Board of Equalization
 
 (1946), 29 Cal.2d 125 [173 P.2d 545], does not reach to the crux of our problem. The case holds that if the Board in seeking revocation of a liquor license commits error, but still retains discretionary power in the matter, the court should not direct the suspension of the license but remand the matter to the Board for further consideration.
 

 Appellant and amici curiae rely on
 
 Mazza
 
 v.
 
 Cavicchia
 
 (1954), 15 N.J. 498 [105 A.2d 545], a case which involved a disciplinary proceeding before a “Division of Alcoholic Beverage Control. ” “ [A] hearing was held before a hearer of the Division . . . [who] . . . forwarded ... a report of his findings and conclusions, but a copy thereof was not furnished to Mazza.” (P. 547.) Subsequently the Director found Mazza guilty and suspended his license. On appeal the Supreme Court of New Jersey held “the appellant was deprived of his right to due process. ...” (Pp. 547-548.) The rationale of the court appears in its statement that: “The very purpose of the statute is that the hearing should be public, but how can it be said that the hearing is public when the report which summarizes it as to both law and facts and makes recommendations as to sanctions is private?” (P. 555.)
 

 In the instant situation the party has the opportunity to determine if the final decision conforms to the proposed one, or if the agency properly followed the statutory provisions in obtaining “additional evidence” under subdivision (c). The Mazza decision found such opportunities dispatched and entombed in the secrecy of the New Jersey procedures. Here, instead, the opportunity is presented, and redress for error afforded; section 11521 of the Government Code provides for petition to the agency itself for reconsideration for the pur
 
 *154
 
 pose of demonstrating error; and, lastly, review in the courts by petition for writ of mandate is available under section 11523 of the Government Code. (See 2 Davis, Administrative Law Treatise, § 11.09, pp. 72-82, for a critical and exhaustive analysis of the Mazza case.)
 

 We conclude that neither the language of the statute nor constitutional principle requires that the proposed decision be served prior to the rendition of the final one. We turn to appellant’s third contention that the evidence does not sufficiently sustain the disciplinary action.
 

 Appellant first claims that the accusation did not state a cause of action against him because it did not specify that the accused licensee was not authorized to make the alleged sales by a license issued pursuant to the Alcohol Beverages Control Act. The accusation specified that appellant was licensed for premises at 735 Washington Street, Oakland, California; that appellant held no license for any place in Siskiyou County,- and that appellant had sold liquor in the City of Dorris, Siskiyou County, in violation of section 23300 of the Business and Professions Code. Government Code, section 11503, provides, in part, that ‘ ‘ [t] he accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omissions with which the respondent is charged, to the end that the respondent will be able to prepare his defense.” The instant accusation informed appellant of the substance of the charge within the meaning of section 11503; formality of statement is not required.
 
 (Yanke
 
 v.
 
 State Dept, of Public Health
 
 (1958), 162 Cal.App.2d 600 [328 P.2d 556].)
 

 Appellant’s next contention that the accusation failed to deny that he acted as an agent for some other licensee, and that such requirement reached to the Department’s jurisdiction, falls in the same category as the first argument.
 

 Appellant’s argument that he acted as Drader’s “implied agent” cannot stand. He contends that the evidence did not establish an illegal sale because the Dorris Drug Store was a licensed premise; that Drader’s title to the liquor did not pass to the insurance company until
 
 after
 
 Drader received payment for the merchandise, which followed the sale of liquor by appellant; hence, the evidence establishes that appellant acted as an implied agent of Drader. Yet Drader relinquished all interest in the merchandise to the insurance company on August 23, 1955. Appellant himself testified that he regarded Ferguson as the owner of the
 
 *155
 
 liquor and that Drader had never hired, nor paid, appellant for any services. Drader at no time authorized the involved sales of liquor. None of these facts support appellant’s implied agency theory.
 

 Appellant’s final point that his license at 735 Washington Street, Oakland, cannot he suspended because the illegal sale was made in Siskiyou County and not under the color of the Oakland license falls before the force of section 24200, subdivision (b) of the Business and Professions Code which provides the following grounds for the suspension or revocation of licenses: “the violation . . . [of] any other penal provisions of law of this State prohibiting or regulating the sale, exposing for sale, use, possession, giving away, adulteration, dilution, misbranding, or mislabeling of alcoholic beverages or intoxicating liquors.” Hence appellant cannot take refuge in the fact that he did not purport to act pursuant to his Oakland license. The statute creates a penalty of suspension or revocation as to the licensee who violates any liquor law of the State of California.
 

 We affirm the judgment.
 

 Bray, P. J., and Foley, J. pro tem.,
 
 *
 
 concurred.
 

 . A petition for a rehearing was denied January 11, 1960, and appellant’s petition for a hearing by the Supreme Court was denied February 10, 1960.
 

 *
 

 We set out the language of the involved subdivisions: “(b) If a contested case is heard by a hearing officer alone, he shall prepare a proposed decision in such form that it may be adopted as the decision in the case. A copy of the proposed decision shall be filed by the agency as a public record and a copy of the proposed decision shall be served by the agency on each party in the case and his attorney. The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.
 
 *148
 
 (e) If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the ease upon the record, including the transcript, with or without taking additional evidence, or may refer the ease to the same or another hearing officer to take additional evidence. If the case is so assigned to a hearing officer he shall prepare a proposed decision as provided in subdivision (b) upon the additional evidence and the transcript and other papers which are part of the record of the prior hearing. A copy of such proposed decision shall be furnished to each party and his attorney as prescribed by subdivision (b). The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself. If additional oral evidence is introduced before the agency itself no agency member may vote unless he heard the additional oral evidence.”
 

 *
 

 Assigned by Chairman of Judicial Council.