[Civ. No. 39789. Second Dist., Div. Five. Feb. 27, 1973.]

KENNETH CAMERON, Plaintiff and Appellant, v.
ROBERT C. COZENS, as Director, etc., Defendant and Respondent.

**COUNSEL**

Kenneth Cameron, in pro. per., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Lynn Henry Johnson, Assistant Attorney General, for Defendant and Respondent.

**OPINION**

**KAUS, P.** The question is whether a petition for a writ of "administrative" mandate (Code Civ. Proc., § 1094.5), filed 71 days after a decision of the Director of the Department of Motor Vehicles ("director"—"department") suspending an operator's license, is untimely under applicable statutory provisions. We hold that it is not and reverse the superior court's dismissal of the petition.

The superior court petition, which was filed on August 31, 1971, alleged that the director's decision suspending petitioner's operator's license under the provisions of section 13353, subdivision (b) of the Vehicle Code, was mailed to petitioner on June 21, 1971. The petition then went on to attack the validity of the decision on various grounds. Their adequacy is not in issue. The director demurred on the sole ground that the petition was "barred by the applicable statute of limitations." The demurrer was sustained without leave to amend. The dismissal of the petition followed.

The director's submission is that the time to file the petition expired 30 days after June 21. His argument in support of this position is not convincing.

Pursuant to section 13353, subdivision (c) of the Vehicle Code, the hearing by the director was conducted "in the same manner and under the same conditions as provided in Article 3 (commencing with § 14100) of Chapter 3" of division 6 of that code. The article referred to in section 13353, subdivision (c) relates to formal and informal hearings. Petitioner had demanded a formal hearing and, as noted, had been notified on June 21 that he had lost. Pursuant to section 14400 of the Vehicle Code nothing in that

code is "deemed to prevent a review or other action as may be permitted by the Constitution and laws of this State by a court of competent jurisdiction of any order of the department refusing, canceling, suspending, or revoking the privilege of a person to operate a motor vehicle."

Thus encouraged, the litigant dissatisfied with the director's decision, must proceed to determine what judicial review the laws of California permit. Though no express provision of the Vehicle Code will tell him precisely what to do, he should have no trouble determining that the proper approach is a petition for a writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure. That section, of course, has no "built-in" period of limitations. According to respondent, the litigant must then disregard any possibly applicable period of limitation contained in the same Code of Civil Procedure—such as section 338, subdivision 1, relating to liabilities created by statute, or section 343, the "catch-all" section—but should turn back to the Vehicle Code, where he started in the first place. There he will find section 14112 which will advise him that "[a]ll matters *in* a formal hearing not covered by [the provisions of the Vehicle Code relating to hearings] shall be governed, as far as applicable, by the provisions of the Government Code relating to administrative hearings, and particularly by Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code." (Italics added.) The chapter in the Government Code thus referred to is more generally known as the Administrative Procedure Act ("APA").

It is at this point that we cannot follow respondent. Section 14112 of the Vehicle Code obviously is not a blanket incorporation of the APA. Rather it tells the reader to consult that act concerning "all matters in a formal hearing." Many provisions of the APA do, of course, cover problems which may arise in a hearing. Thus it deals with the identity and qualifications of the hearing officers (Gov. Code, § 11502), the formulation of issues (Gov. Code, §§ 11504.5-11507, 11516), the time and place of hearing (Gov. Code, § 11508), the necessary notice (Gov. Code, § 11509), process (Gov. Code, § 11510), depositions (Gov. Code, § 11511), reporting (Gov. Code, § 11512, subd. (d)), evidence (Gov. Code, § 11513), the use of affidavits (Gov. Code, § 11514) and official notice (Gov. Code, § 11515). These sections of the APA, insofar as applicable,[1] are legitimately referred to as "matters in a formal hearing." However, by no stretch of the imagination, does section 14112 of the Vehicle Code refer one to any provision in the APA which tells litigants who are dissatisfied with an administrative decision, how much time they have to seek judicial relief after the hearing is over

---

[1]Some, of course, are not. See *Lacy* v. *Orr,* 276 Cal.App.2d 198, 201-202 [81 Cal.Rptr. 276] and *Serenko* v. *Bright,* 263 Cal.App.2d 682, 689-691 [70 Cal.Rptr. 1]. Note also the third paragraph of section 14107 of the Vehicle Code.

and done with. Respondent assumes without citation of authority that the term "hearing" as employed in section 14112 of the Vehicle Code encompasses not just the hearing itself, but the entire adjudicative process, including the filing of an appropriate petition for judicial review. Although no authority discovered by us is precisely in point, all the indications are to the contrary. Thus in *Yanke* v. *State Dept. Public Health,* 162 Cal.App.2d 600 [328 P.2d 556], a meeting of a state board after a full hearing by a hearing officer, at which meeting the board refused to accept the officer's recommendation and ordered preparation of a transcript, was held not to be part of the hearings referred to in section 11512, subdivision (a) of the Government Code, which requires the hearing officer to preside.[2] In other words, the hearing was over when the hearing officer had performed his function. Obviously if the agency's decision-making process is not part of the hearing, the aggrieved party's later filing of a petition for judicial relief cannot be called a matter which takes place "in a formal hearing."

Our conclusion that the Legislature never intended the word "in" to mean "with respect to" or "in or arising out of," is fortified by the fact that we find section 14112 of the Vehicle Code immediately after several sections which deal with the hearing itself and with the administrative decision in which it results. (Veh. Code, § § 14107-14111.) On the other hand section 14400, the Vehicle Code's only reference to judicial review, appears a couple of articles later.

While we base our decision squarely on our inability to follow respondent into those sections of the Government Code which deal with time limitations for the seeking of judicial review, we will nevertheless set forth the balance of respondent's argument. Our purpose is, frankly, to point up one further difficulty which could, in itself, be fatal. Obviously, we do not have to hold that it is, but it is something which the Legislature may wish to consider if it should decide that this opinion calls for legislation.

If, as we now assume, the prospective petitioner somehow finds his way into the Government Code, he will undoubtedly discover section 11523. That section, insofar as pertinent, provides for judicial review by filing a petition for a writ of mandate "in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency." The time to file such a petition is "30 days after the last day on which reconsideration can be ordered." Unfortunately, in order to suspect

---

[2] In *People* v. *Ivenditti,* 276 Cal.App.2d 178, 180 [80 Cal.Rptr. 761], a hearing is defined as a "proceeding where evidence is taken to the end of determining an issue of fact and a decision made on the basis of that evidence." See also *People* v. *Pennington,* 66 Cal.2d 508, 521 [58 Cal.Rptr. 374, 426 P.2d 942].

that this time limit applies to him, it is essential that the litigant have overlooked section 14111 of the Vehicle Code, a "statute relating" to the agency with which he is concerned. That section provides that the decision of the director which he wants to subject to judicial review "shall be effective on notice"—in other words, there is no possibility for reconsideration. Thus, in truth, with respect to decisions of the director the "last day on which reconsideration can be ordered" is a non-happening as a matter of law.[3] How can the time within which judicial relief from a decision must be sought run from a date which, as to the person aggrieved, cannot be of any legal significance?

Of course we agree with respondent that it is undesirable that the filing of a petition for judicial review can be delayed for several years.[4] We cannot, however, write a shorter statute of limitations where the Legislature has not done so. (*Olivas* v. *Weiner,* 127 Cal.App.2d 597, 599 [274 P.2d 476].)

The judgment is reversed.

Stephens, J., and Cole, J.,* concurred.

A petition for a rehearing was denied March 20, 1973, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied April 25, 1973.

---

[3] It is, of course, true that reconsideration of any decision made under the provisions of the APA may be precluded if the agency orders its decision to be final forthwith, as it may pursuant to section 11519, subdivision (a) of the Government Code. This is precisely what happened in *Eichman* v. *Escondido etc. School District,* 61 Cal.2d 100 [37 Cal.Rptr. 199, 389 P.2d 727], where the administrative agency made its decision "effective immediately upon service." This said the Supreme Court, meant that its power to order a reconsideration "expired" on the date of the decision. Actually, in view of the fact that by its very decision the agency deprived itself of the power to reconsider, that power never had a chance to expire—it was stillborn. The point is, however, that in view of section 14111 of the Vehicle Code, the director can never even conceive such a power.

[4] We need not decide whether the appropriate statute of limitations is section 338, subdivision 1 or section 343 of the Code of Civil Procedure. (See Deering, Cal. Administrative Mandamus (Cont.Ed.Bar 1966) p. 125, § 8.5.) The petition below was timely under either statute. It should be noted that petitioner's suspension had become effective on February 12, 1971, and—subject to the payment of the reinstatement fee called for by section 14904 of the Vehicle Code—had been fully "served" before the superior court petition was filed. Respondent does not argue that this fact makes the petition moot. (Cf. *Benton* v. *Maryland,* 395 U.S. 784, 790-791 [23 L.Ed.2d 707, 713-714, 89 S.Ct. 2056].) We therefore do not consider what "adverse collateral legal consequences" petitioner may suffer from the director's decision.

*Assigned by the Chairman of the Judicial Council.