[Civ. No. 44249. Second Dist., Div. Five. June 16, 1975.]

JOHN V. COMPTON et al., Plaintiffs and Appellants, v.
BOARD OF TRUSTEES OF MT. SAN ANTONIO
COMMUNITY COLLEGE et al., Defendants and Respondents.

COUNSEL

Peter T. Galiano, Raymond L. Hansen and Horace Wheately for Plaintiffs and Appellants.

John H. Larson, County Counsel, and John J. Wagner, Deputy County Counsel, for Defendants and Respondents.

OPINION

KAUS, P. J.—On August 2, 1973, petitioners Compton, Kuhn and Lucas petitioned the superior court for a writ of mandate under section 1094.5 of the Code of Civil Procedure, praying that the respondent board and its members ("respondent") be ordered to set aside and vacate a decision, dated June 1, 1973, ordering that the services of petitioners would not be required for the 1973-1974 school year. As mandated by section 13443, subdivision (c), of the Education Code, the administrative proceeding was conducted in accordance with the Administrative Procedure Act. (Gov. Code, §§ 11500-11528.)

Judgment denying the petition was entered on October 25, 1973. This appeal followed.

Since we hold that respondent correctly asserts that the petition was barred by the statute of limitations contained in section 11523 of the Government Code, we will not address ourselves to the several substantive issues discussed in the parties' briefs.[1]

The following procedural timetable will serve as a background:

May 3, 1973 A hearing was held by a hearing officer sitting alone. (§ 11512, subd. (a).) The hearing officer's proposed decision apparently favored petitioners; however, as will appear, neither petitioners nor any court has ever laid eyes on it.

May 7, 1973 Counsel for petitioners wrote to the deputy county counsel who had represented respondent's superintendent before the hearing officer, requesting a copy of that officer's proposed decision.

May 10, 1973 The deputy refused that request, noting that "appellate court decisions have held" that proposed decisions need not be furnished to respondents in administrative hearings until after their adoption by the agency.

May 10, 1973 Respondent board met, rejected the proposed decision, found good cause for continuance and ordered a transcript of the May 3 hearing.

June 1, 1973 The respondent board met in special session, heard argument by petitioners' counsel and the deputy county counsel and made the decision which petitioners seek to review. It was dated and mailed the same day.

June 12, 1973 Petitioners requested as part of the administrative record the proposed decision of the hearing officer and the final decision of the board of trustees. (Part of the administrative record which is before us is the reporter's transcript of the May 3 proceedings before the hearing officer. It was certified to by the reporter on May 17. Just when it was received by petitioners, we do not know. The parties quite properly treat the matter as irrelevant.)

June 14, 1973 The secretary of the respondent board furnished petitioners' counsel with a copy of the June 1 decision. The request for

---

[1]Unless otherwise indicated, all statutory references are to the Government Code.

the proposed decision of the hearing officer was referred to the office of the Los Angeles County Counsel.

August 2, 1973 The superior court petition was filed.

## DISCUSSION

 Petitioners' entire argument on the limitations issue hinges on respondent's failure to include a copy of the proposed decision in the administrative record.

The basic statute of limitations applicable here is contained in section 11523 of the Government Code, copied below.[2] Essentially, it provides that a petition for a writ of mandate must be filed 30 days after the last day on which reconsideration can be ordered by the agency. In this case, the power of respondent to order reconsideration expired 30 days after the mailing of its decision—on July 1, to be exact. (§ 11521.)[3] Since the superior court petition was not filed until August 2, 32 days later, it was untimely unless somehow the statutory period was tolled.

Section 11523 has, indeed, a built-in extension of the 30-day time limit: it provides that if the petitioner, within 10 days after the last day on which reconsideration can be granted—July 11, in this case—requests

[2]"Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. The complete record of the proceedings, or such parts thereof as are designated by the petitioner, shall be prepared by the agency and shall be delivered to petitioner, within 30 days after a request therefor by him, upon the payment of the fee specified in Section 69950 of the Government Code as now or hereinafter amended for the transcript, the cost of preparation of other portions of the record and for certification thereof. The complete record includes the pleadings, all notices and orders issued by the agency, any proposed decision by a hearing officer, the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case. Where petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record the time within which a petition may be filed shall be extended until 30 days after its delivery to him. The agency may file with the court the original of any document in the record in lieu of a copy thereof."

[3]The fact that the decision was mailed, rather than delivered, did not extend the 30-day time limit of section 11521. (See *Harris* v. *Alcoholic Bev. etc. Appeals Bd.*, 223 Cal.App.2d 563, 570 [35 Cal.Rptr. 865].) Respondent has also argued that by virtue of the provisions of section 13443, subdivision (d) of the Education Code, its June 1 decision was not subject to reconsideration at all. That position was rejected in *Burgess* v. *Board of Education*, 41 Cal.App.3d 571, 577-578 [116 Cal.Rptr. 183].

the preparation of all or any part of the record, the time within which the superior court petition must be filed is extended until 30 days after the delivery of the record to the petitioner. In other words, if the party dissatisfied with the administrative decision makes a timely request for the administrative record—as petitioners unquestionably did—it may be the date of the delivery of the record, rather than the date of the administrative adjudication, which determines the deadline for the filing of the mandate petition.[4]

It is obviously desirable that the time when the power to seek judicial relief expires be determinable with exactitude. The various agencies to whom section 11523 applies and the litigants affected by their decisions should be able to ascertain with certainty whether or not agency decisions are final or destined to dwell in judicial limbo for months or even years.[5]

Clearly, if the time for seeking judicial relief starts to run not when the aggrieved party is furnished with an administrative record, but rather when he has received the record to which he is arguably entitled, that time never starts if the courts should ultimately hold that some piece of paper which should have been furnished to the would be petitioner, was not given to him. Yet, necessarily, that is precisely the result we would have to reach, were we to agree with petitioners' contention in this case. For what petitioners claim is nothing less than that their time to file never did start to run because they were never furnished with a copy of the hearing officer's proposed decision—a totally insignificant document as we will show—even though petitioners may technically have been entitled to have it included in the administrative record they requested on June 12.[6]

---

[4]We note that—absent the issue concerning the inclusion of the proposed decision in the record—the extension provision of section 11523 would be inapplicable here. An administrative record was delivered to petitioner on June 14, 1973, more than two weeks before the basic period of limitation started to run.

[5]Very occasional problems notwithstanding (see *Slawinski* v. *Mocettini,* 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143]; *Desherow* v. *Rhodes,* 1 Cal.App.3d 733, 742-745 [82 Cal.Rptr. 138]), the California Rules of Court achieve this result by making the time for the filing of notices of appeal expire, ultimately at least, a certain number of days from the entry of the judgment appealed from—a fairly well fixed point of time. (See Cal. Rules of Court, rules 2, 31, 122, 152 and 182.)

[6]In the superior court petitioners' counsel freely admitted this *reductio ad absurdum* of his position: "Our position is that we have not been furnished with a complete record, because we argue that the proposed decision was a part of that record *and therefore the statute hasn't yet begun to run.*" (Italics added.)

Petitioners' position is all the more extreme when viewed in the light of the fact that they did not need the document in question to enable them to file their superior court petition, and that actually by filing that petition they would have brought themselves before the very tribunal which could have arbitrated their dispute with respondent concerning the sufficiency of the record. Section 1094.5 of the Code of Civil Procedure expressly provides in subdivision (a) as follows: "All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may be filed with the petition, may be filed with respondent's points and authorities *or may be ordered to be filed by the court.*" (Italics added.)

What follows in this opinion is intended merely to illustrate why the failure of the administrative record to contain the proposed decision of the hearing officer should not be permitted to postpone indefinitely the statutory deadline for superior court filing, as long as the record, essential for judicial review, was furnished by respondent.[7]

What then was the status of the document which supposedly was such a vital part of the record that petitioners' time to seek judicial relief did not even commence to run?

Respondent agency chose not to hear the proceeding itself in the first instance, but determined that the hearing officer should hear it alone. (§ 11512, subd. (a).) The hearing officer then prepared his proposed decision which was rejected by respondent on May 10 when a transcript of the proceedings before the hearing officer was ordered. Eventually, on June 1, respondent itself decided the case on the record, as it was entitled to do. (§ 11517, subd. (c).)

The status of the hearing officer's proposed decision during the agency's decision-making process which follows has been the subject of a certain amount of litigation. Such controversies as have reached the appellate courts have been triggered by the wording of section 11517, copied below.[8] To summarize the provisions of that section, the agency

---

[7]Our discussion of the status of the proposed decision is based on the provisions of section 13443 of the Education Code as it read before the extensive 1973 amendments thereto, which did not become effective until January 1, 1974. (Stats. 1973, ch. 1016, § 1, p. 2017.)

[8]Section 11517 reads in relevant part as follows:

"(b) If a contested case is heard by a hearing officer alone, he shall prepare a proposed decision in such form that it may be adopted as the decision in the case. A copy of the proposed decision shall be filed by the agency as a public record and a copy of the

has three options after receiving the officer's proposed decision: (1) it can simply adopt it (§ 11517, subd. (c)); (2) it may return the case to the hearing officer to take further evidence, in which event the hearing officer, after complying with the agency's order, prepares another proposed decision; or (3) the agency can, in effect, ignore the proposed decision and may "itself . . . decide the case upon the record, including the transcript, . . ." (§ 11517, subd. (c)). In this case that is precisely what was done and although petitioners have always taken the position that they were entitled to be furnished with a copy of the proposed decision, they have never been able to make a coherent argument that it could' have served any useful purpose. It is understandable that they wanted a peek at a document which apparently recommended a decision in their favor, but the respondent board itself had that document and was, it seems, not impressed by its conclusion. Petitioners, of course, exercised their statutory right to argue their case to the board. At most, it seems, they can claim that the proposed decision might have suggested an approach which did not occur to their attorney.

■ When an agency does not decide the case by itself but adopts a proposed decision, the proposed decision becomes a vital part of the record because without it the agency's decision becomes unintelligible. Yet even in situations where that happens, the cases have uniformly held that the language of section 11517, subdivision (b) to the effect that the "proposed decision shall be filed by the agency as a public record and a copy of the proposed decision shall be served . . . on each party . . ." —and parallel language in section 11517, subdivision (c) for the case where there is a second proposed decision after the taking of additional evidence—does not mean that the proposed decision must be served before its adoption by the agency. (*American Federation of Teachers* v. *San Lorenzo Etc. Sch. Dist.,* 276 Cal.App.2d 132, 136 [80 Cal.Rptr. 758]; *Stoumen* v. *Munro,* 219 Cal.App.2d 302, 314 [33 Cal.Rptr. 305]; *Strode* v.

---

proposed decision shall be served by the agency on each party in the case and his attorney. The agency itself may adopt the proposed decision in its entirety, or may reduce the proposed penalty and adopt the balance of the proposed decision.

"(c) If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case upon the record, including the transcript, with or without taking additional evidence, or may refer the case to the same hearing officer to take additional evidence. If the case is so assigned to a hearing officer he shall prepare a proposed decision as provided in subdivision (b) upon the additional evidence and the transcript and other papers which are part of the record of the prior hearing. A copy of such proposed decision shall be furnished to each party and his attorney as prescribed in subdivision (b). The agency itself shall decide no case provided for in this subdivision without affording the parties the opportunity to present either oral or written argument before the agency itself. If additional oral evidence is introduced before the agency itself no agency member may vote unless he heard the additional oral evidence."

*Board of Medical Examiners,* 195 Cal.App.2d 291, 295-296 [15 Cal.Rptr. 879]; and *Dami* v. *Dept. Alcoholic Bev. Control,* 176 Cal.App.2d 144, 147 [1 Cal.Rptr. 213].)

When an agency decides to hear the case itself, rather than to adopt a proposed decision, section 11517 says nothing whatever about service or eventual fate of the proposed decision. This is no accidental omission. When section 11517 was first enacted in 1945 (Stats. 1945, ch. 867, p. 1633) subdivision (c) contained this language: "If the proposed decision is not adopted as provided . . . each party shall be furnished with a copy of the proposed decision." This requirement of furnishing the parties with the proposed decision even in cases of nonadoption was deleted in 1955 (Stats. 1955, ch. 1661, § 1, p. 2995). It can therefore be quite convincingly argued that since such requirements of service of the proposed decision as are still retained in section 11517 have uniformly been interpreted to mean service after adoption, the deletion of the service requirement in cases of nonadoption indicates a legislative intent that in such situations the proposed decision shall never be served. ▮ Be that as it may, it is clear that from the moment of the agency's rejection thereof, it serves no identifiable function in the administrative adjudication process or, for that matter, in connection with the judicial review thereof.

Nevertheless, there is the language of section 11523 which defines the administrative record to include· "the pleadings, all notices and orders issued by the agency, *any proposed decision by a hearing officer,* the final decision, a transcript of all proceedings, the exhibits admitted or rejected, the written evidence and any other papers in the case." (Italics added.) We hesitate to say—nor need we—that these rather plain words in section 11523 do not quite mean what they say and that "any proposed decision" really means "any proposed decision adopted by the agency."[9] ▮ For present purposes we are satisfied that respondent's failure to include it in the record furnished petitioners did not make their time to file their superior court petition stand still.

We fully appreciate that respondent did not expressly refuse to include the proposed decision in the administrative record on June 14, but rather said that the request therefor was being referred to the county counsel. However, nothing in the record suggests that petitioners' attorney had

[9]See 2 Davis, Administrative Law Treatise, section 10.04 for a review of several federal decisions concerning the status of a rejected recommended, initial or tentative decision under the federal Administrative Procedure Act. (5 U.S.C. § 500 et seq.)

the slightest reason to believe that the county counsel would consent to the release of a document he had theretofore claimed to be no part of the official record. In view of the short time limits which are of the essence in this situation, the rule that an "appellant" cannot sit on his hands, even if initially a delay in the preparation of the record is not his fault, applies with increased force. (See *Myers* v. *Johnson,* 89 Cal.App.2d 800, 803 [201 P.2d 884]; *Flint* v. *Board of Medical Examiners,* 72 Cal.App.2d 844, 846 [165 P.2d 694].) This is particularly true in proceedings under section 1094.5 of the Code of Civil Procedure, because by doing nothing petitioners failed to resort to the very tribunal which could have settled their dispute with the county counsel concerning the propriety of including the proposed decision rejected in the administrative record.[10]

The judgment is affirmed.

Stephens, J., and Hastings, J., concurred.

---

[10]To avoid the bar of section 11523, at oral argument petitioners made the somewhat surprising point that their petition below was not only for a writ of "administrative mandate" under section 1094.5 of the Code of Civil Procedure, but for "traditional" mandate under section 1084 et seq, based on the theory that the administrative proceedings that led to their discharge were a complete nullity and that petitioners were simply proceeding by mandate to force the respondent board to do whatever is right and proper if they still are certificated employees, as they claim to be.

This point was not argued in the briefs, though it was tentatively asserted at one point during the argument before the trial court. It has no merit. Whether or not the alleged defects—if any—in the administrative proceedings attacked by the petition were so grave as to void them altogether is something we need not decide. (See, however, *Lucas* v. *Board of Education,* 13 Cal.3d 674, 681-683 [119 Cal.Rptr. 462, 532 P.2d 110]; cf. *Negaard* v. *Department of Aeronautics,* 32 Cal.App.3d 92, 95-96 [107 Cal.Rptr. 920].) Although while in a proper case, a wrongfully ousted teacher might be afforded relief by way of "traditional" mandate, in this case, the petition was necessarily filed under section 1094.5. (See *Crow* v. *City of Lynwood,* 169 Cal.App.2d 461, 465-467 [337 P.2d 919].)