[Civ. No. 66712. Second Dist., Div. Two. Feb. 16, 1983.]

THEODORE A. ARONEY, Plaintiff and Appellant, v.
CALIFORNIA HORSE RACING BOARD, Defendant and Respondent;
HOLLYWOOD PARK RACE TRACK,
Real Party in Interest and Respondent.

**COUNSEL**

Arthur A. Lewis, Russell Iungerich and Judith M. Mitchell for Plaintiff and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, and Marilyn K. Mayer, Deputy Attorney General, for Defendant and Respondent.

Iverson, Joakum, Papiano & Hatch and Kerry McGuinn for Real Party in Interest and Respondent.

OPINION

COMPTON, Acting **P. J.**—Appeal from the denial of a petition for administrative mandamus (Code Civ. Proc., § 1094.5), which petition sought to compel the California Horse Racing Board (Board) to vacate its order barring petitioner, Theodore Aroney, from entering or wagering at the Hollywood Park Race Track (Hollywood).[1]

Petitioner, after being excluded by Hollywood, sought and obtained a hearing before the board pursuant to Business and Professions Code section 19573, which provides in part as follows: "Any person who, pursuant to a rule of the board, is excluded or ejected from any inclosure where horse racing is authorized may apply to the board for a hearing on the question of whether the rule is applicable to him. . . . [¶] If the board determines that the exclusion or ejection was proper, it shall make and enter in its minutes an order to that effect. Such order shall be subject to review by any court of competent jurisdiction in accordance with law."

After the hearing the Board, on January 22, 1982, issued its order that petitioner was an excludable person.[2] Petitioner then filed his petition for mandate on May 20, 1982, some 120 days later. The trial court sustained, without leave to amend, the Board's demurrer on the ground that the action was not timely and dismissed the action.

The sole issue presented is which of two possible statutes of limitation apply to petitioner's attempt to seek judicial review of the Board's decision. More precisely, the issue is the interpretation of the previously quoted phrase in Business and Professions Code section 19573 "review by any court of competent jurisdiction *in accordance with law.*" (Italics added.)

The Administrative Procedure Act (APA) (Gov. Code, § 11500 et seq.) by its own terms is made applicable to proceedings by the Board. Govern-

---

[1]Business and Professions Code section 19572 provides: "The board may, by rule, provide for the exclusion or ejection from any inclosure where horseraces are authorized, or from specified portions of such inclosure, of any known bookmaker, known tout, person who has been convicted of a violation of any provision of this chapter or of any law prohibiting bookmaking or any other illegal form of wagering on horseraces, or any other person whose presence in the inclosure would, in the opinion of the board, be inimical to the interests of the state or of legitimate horseracing, or both. No such rule shall provide for the exclusion or ejection of any person on the ground of race, color, creed, national origin or ancestry, or sex."

[2]The order was issued after the Board first adopted the decision of a hearing officer that petitioner was not an excludable person. On reconsideration, however, the Board reversed its previous decision. The thrust of petitioner's claim to a writ of mandate is that the Board could not reconsider its previous decision and was in fact bound by its first decision.

ment Code section 11500 provides that the term "agency" as used in the act includes those entities enumerated in the ensuing section. Section 11501, subdivision (b) lists the Board as such an agency. Government Code section 11501, subdivision (a), however, provides "This chapter applies to any agency *as determined by the statutes relating to that agency."* (Italics added.)

Government Code section 11523, which is part of that act, provides in part: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of Code of Civil Procedure, *subject, however, to the statutes relating to the particular agency. Except as otherwise provided* in this section any such petition shall be filed within *30 days after the last day on which reconsideration can be ordered."* (Italics added.)

On the other hand, Code of Civil Procedure section 343, the "catchall" statute of limitations, provides a four-year limit on actions not otherwise provided for and Code of Civil Procedure section 338 provides a three-year limitation for actions on "liability created by statute."[3]

To reiterate then, the question is simply whether the phrase "in accordance with law" as used in Business and Professions Code section 19573, is a "statute relating to the particular agency" which excludes the Board's decision in this matter from the provisions of Government Code section 11523 or whether the "law" referred to in that phrase is in fact Government Code section 11523.

The signposts which point the path to the Legislature's intent are few and far between. It would seem highly undesirable for cases of this nature to pend for a period as long as three or four years (*Compton* v. *Board of Trustees* (1975) 49 Cal.App.3d 150 [122 Cal.Rptr. 493]). Further, an anomalous situation is created by the longer statute of limitations since an excluded person can, after only one year, seek another hearing in which to establish that he or she has been rehabilitated. However, we cannot write a shorter statute of limitations if the Legislature has not done so. (*Cameron* v. *Cozens* (1973) 30 Cal.App.3d 887 [106 Cal.Rptr. 537].)

Business and Professions Code section 19573 itself makes no reference to the APA. By contrast Business and Professions Code section 19461, which authorizes the Board to suspend or revoke the various licenses (jockeys, trainers, and owners, etc.) over which it has jurisdiction, specifically provides that proceedings to *revoke* a license shall be conducted in accor-

---

[3]We need not decide which of these two statutes would be applicable since petitioner's action was filed well within three years of the Board's decision.

dance with the APA. From this it can be inferred that license *suspensions* are not governed by the APA. In thus distinguishing between two types of proceedings within a single statute, the Legislature has demonstrated that where it intends the APA to apply, it clearly says so. Conversely, a failure to so state can only be interpreted as indicating the inapplicability of the APA.

The provisions of the Business and Professions Code dealing with the Board's activities do not contain a blanket adoption of the APA.[4] In Business and Professions Code section 19573 the person aggrieved by the Board's decision is advised that he or she has a right to judicial review but is not informed of the nature of that review or the period of time in which it must be sought. There is absolutely nothing in that statute to suggest that the aggrieved person should refer to the APA for the answers.

As was observed in *Cameron* v. *Cozens, supra,* 30 Cal.App.3d at page 889, the aggrieved person ". . . should have no trouble determining that the proper approach is a petition for a writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure. That section, of course, has no 'built-in' period of limitations."

We thus adopt the rationale of the court in *Cameron* v. *Cozens, supra,* 30 Cal.App.3d 887. That rationale is simply that once having found his way to section 1094.5 of the Code of Civil Procedure, there was no reason for the petitioner to then turn back from the Code of Civil Procedure to the APA to find the time limit within which the petition for mandate must be filed.

The Board's power to exclude persons on the basis of status or past conduct from a place of amusement open to the public (*Epstein* v. *California Horse Racing Board* (1963) 222 Cal.App.2d 831 [35 Cal.Rptr. 642]), is indeed unique. Our Supreme Court has given a broad interpretation to Civil Code section 51, the Unruh Civil Rights Act, in barring any arbitration exclusion, especially exclusion based on status or past conduct, of persons from places of public accommodation or amusement. (*In re Cox* (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992]; *Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721 [180 Cal.Rptr. 496, 640 P.2d 115].) The exercise by

---

[4]We do not mean to suggest that the APA necessarily must be either totally applicable or totally inapplicable to any particular agency. The APA covers a multitude of areas some of which under some circumstances, govern the conduct of a particular agency while at the same time other provisions of the APA may be inapplicable. Our decision here is directed only to the time limit for seeking judicial review under Business and Professions Code section 19573. We decline to reach the issue of whether Government Code section 11521 gives the Board the power to reconsider its decisions.

the Board of its authority, which is not open to question here, to exclude persons of the class defined in Business and Professions Code section 19572, stands as a marked exception to that interpretation. It would seem that the statute providing a right to judicial review of the exercise of that authority ought to be liberally construed in favor of the excluded person.

Until the Legislature says otherwise, and this case clearly indicates that it should, we can only conclude that Business and Professions Code section 19573, in affording a right to judicial review, does not subject that review to the limitations contained in the APA, but instead leaves the aggrieved individual to pursue his remedy in accordance with the more generally applicable provisions of the Code of Civil Procedure.

The judgment (order of dismissal) is vacated and the matter is remanded to the trial court with instructions to vacate its order sustaining the demurrer and to enter a new and different order overruling the demurrer. Petitioner's request for attorney fees under the authority of Code of Civil Procedure section 1021.5 and Government Code section 800, is denied.

Beach, J., and Gates, J., concurred.