[L. A. No. 27608.   In Bank.   March 5, 1964.]

ROBERT A. EICHMAN, Plaintiff and Appellant, v. ESCONDIDO UNION HIGH SCHOOL DISTRICT et al., Defendants and Respondents.

Casey, McClenahan & Christensen and Walter P. Christensen for Plaintiff and Appellant.

Bertram McLees, Jr., County Counsel, and Donald L. Clark, Deputy County Counsel, for Defendants and Respondents.

Stanley Mosk, Attorney General, Elizabeth Palmer, Deputy Attorney General, and Irving G. Breyer as Amici Curiae.

GIBSON, C. J.—Petitioner, who was a probationary teacher for the Escondido Union High School District of San Diego County, received on May 8, 1962, a notice that his services

would not be required for the next school year. He timely requested a hearing, which was held on July 18, 19, and 24. On August 7 the school board rendered a decision terminating petitioner's service as of the end of the school year. The decision stated it was "effective immediately upon service," and copies of it were served on petitioner on August 8. On August 27 petitioner requested a transcript of the hearing and prepaid the cost of it to the Department of Finance of the State, and on October 5, the day after he received the transcript, he filed a petition for a writ of mandate to compel the board to reinstate him.

Petitioner alleged that in the conduct of the hearing the board acted in excess of jurisdiction because the hearing could not legally be held after May 15. He also alleged that the board prejudicially abused its discretion and failed to grant him a fair hearing in several respects among which were that the board based its findings on insufficient evidence, that it erred in the admission and exclusion of evidence, and that it delayed the hearing until after the close of the school year and thereby prevented him from presenting defense witnesses who had left the locality.

A demurrer was sustained without leave to amend on the grounds that the court had no jurisdiction to review the subject matter, that the petitioner had his remedy provided by law, and that the petition for the writ of mandate was not timely filed and was barred by section 11523 of the Government Code. Petitioner has appealed from the judgment denying the writ.

We held in *Horner* v. *Board of Trustees of Excelsior Union High School Dist., ante,* p. 79 [37 Cal.Rptr. 185, 389 P.2d 713], that under section 13444 of the Education Code as amended in 1961 probationary teachers who are not reemployed at the end of a school year are entitled to a hearing and that the hearing need not be held prior to May 15 but that the requirement is only that it be held within a reasonable time.

In *Griggs* v. *Board of Trustees of Merced Union High School Dist., ante,* p. 93 [37 Cal.Rptr. 194, 389 P.2d 722], we held that section 13444 of the Education Code, which provides that the determination of the board as to the sufficiency of the cause for dismissal shall be conclusive and not subject to judicial review, does not prevent the court from determining whether the findings of the board are supported by substantial evidence or from inquiring into the questions whether

the board has proceeded without, or in excess of, jurisdiction, whether there was a fair trial, or whether the board has proceeded in the manner provided by law.

It follows that the alleged fact that no hearing was held before May 15 does not entitle petitioner to any relief but that the other allegations of the petition state a cause of action of which the court had jurisdiction unless its jurisdiction was not timely invoked.

■ Section 11523 of the Government Code provides that the petition for a writ of mandate to review an administrative adjudication shall be filed within 30 days after the last day on which reconsideration can be ordered and that where petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare the record the time for filing the petition shall be extended until five days after the record is delivered to him. Here the board ordered that its decision be effective immediately upon service, and petitioner was served with a copy of the board's decision on August 8, 1962. Consequently the board's power to order a reconsideration expired on that same date, and the time allowed petitioner to file his petition expired 30 days later unless extended by the request to prepare the record. (See *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 304 [196 P.2d 20].)

As we have seen, section 11523 provides for extension only where petitioner has requested preparation of the record within 10 days after the last day on which reconsideration can be ordered, here August 8. Petitioner's request made on August 27 did not extend the time, and the filing of the petition on October 5 was too late. Since the petition was not filed within the time required by the statute, the court had no power to review the adjudication of the board in any respect.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.