[Civ. No. 15581. Third Dist. Aug. 25, 1976.]

HOWARD KOONS, Plaintiff and Appellant, v.
PLACER HILLS UNION SCHOOL DISTRICT,
Defendant and Respondent.

## COUNSEL

Norman & Eames and Anthony L. Eames for Plaintiff and Appellant.

Paterson & Taggart and J. Michael Taggart for Defendant and Respondent.

## OPINION

**PUGLIA, P. J.**—On August 28, 1974, Howard Koons, a probationary elementary school teacher, petitioned the superior court for a writ of mandate (Code Civ. Proc., § 1094.5), seeking review of the decision of the respondent, Placer Hills Union School District ("District"), not to rehire him for the 1974-1975 school year. The District demurred on the basis that the petition was barred by Government Code section 11523 which prescribes a 30-day period of limitations for judicial review of adjudication under the Administrative Procedure Act ("APA"). The trial

court sustained the demurrer without leave to amend and this appeal followed.[1]

Petitioner was employed by the District as a probationary teacher for three successive school years, beginning with the 1971-1972 term. On March 11, 1974, petitioner was notified by the District superintendent that a recommendation had been forwarded to the governing board that he not be reemployed for the ensuing school year. (See Ed. Code, § 13443, subd. (a).) Petitioner requested a public hearing to determine whether there was cause not to reemploy him (see Ed. Code, § 13443, subd. (b)). The hearing, as required by Education Code section 13443, subdivision (c), was conducted in accordance with the APA (Gov. Code, §§ 11500-11528). At its conclusion, the hearing officer filed a proposed decision containing findings of fact and a determination of issues. Although he concluded that there was cause not to reemploy petitioner, he recommended that the proceedings for petitioner's discharge be abandoned for failure of the District to comply with the formal evaluation requirements applicable to probationary teachers. (Ed. Code, §§ 13485-13490.)

On July 22, 1974, the governing board of the District met and considered the hearing officer's report and heard arguments from counsel for petitioner and the district. An executive session followed, after which the board reconvened in public session and announced in the presence of petitioner and his counsel that it had voted unanimously not to reemploy petitioner. The minutes from the executive session were then read, including a statement that the board agreed with the findings and conclusions of the hearing officer with the exception of those relating to the District's compliance with teacher evaluation procedures. The minutes continued: "The Board of Trustees also unanimously votes . . . to notify [petitioner] that his services will not be required for the 1974-75 school year in that cause not to reemploy him for the ensuing year has been established. This cause related to the welfare of the schools and the pupils thereof within the meaning of . . . Education Code Section 13443. [¶] This decision is to take effect immediately."

On July 23, 1974, the District's superintendent sent petitioner a registered letter containing formal notification of the Board's decision

---

[1]The District contends that petitioner's appeal is untimely since it was filed more than 60 days after May 6, 1975, when a "judgment" sustaining the demurrer without leave to amend was entered. However, judgment of dismissal was not entered until August 18, 1975. Notice of appeal was filed within 60 days of the latter date.

not to reemploy him.[2] The next day petitioner's attorney requested reconsideration of the decision. On July 29, 1974, the superintendent wrote petitioner's attorney that the board's action upon the request for reconsideration would be forwarded to him as soon as acted upon at the next regularly scheduled meeting. On August 5th the superintendent again wrote petitioner's attorney informing him that the board lacked the power to order reconsideration since it had made its decision effective immediately at the July 22 meeting.

On August 6, 1974, petitioner's attorney received copies of the minutes from the July 22 board meeting and the board's formal decision, which contained findings of fact and a determination of the issues presented. On August 28, 1974, petitioner filed the present action for writ of mandate, prohibition, declaratory relief and damages.

I.

The single ground advanced in the trial court by the District in support of its demurrer was the expiration of the 30-day statute of limitations prescribed in Government Code section 11523.[3] The school district argues that the final day for filing the petition was August 21, 1974, 30 days from July 22, the date the board made its decision, effective immediately, that petitioner not be reemployed.

---

[2]The complete text of the letter reads: "This is to notify you that the Board of Trustees at a special board meeting of July 22, 1974 voted not to reemploy you for the 1974-75 school year pursuant to Education Code Section 13443."

Notice to the probationary employee of the governing board's decision not to reemploy shall be given no later than May 15 (Ed. Code, § 13443, subd. (e)). This date constitutes a jurisdictional deadline after which a school district is powerless to terminate a teacher's services. (*Stewart* v. *San Mateo Junior College Dist.* (1974) 37 Cal.App.3d 345, 347-348 [112 Cal.Rptr. 272].) However, the jurisdictional deadline is extended for a period of time equal to any continuances granted by the hearing officer for good cause. (Ed. Code, § 13443, subd. (i).) In the present case, the hearing officer granted continuances totalling 70 days, thereby extending the final notification date from May 15 to July 24, 1975. The superintendent's July 23 letter to petitioner therefore constitutes timely notification of his dismissal. (See *Young* v. *Governing Board* (1974) 40 Cal.App.3d 769, 772-775 [115 Cal.Rptr. 456], overruled on other grounds in *Turner* v. *Board of Trustees* (1976) 16 Cal.3d 818, 827 [129 Cal.Rptr. 443, 548 P.2d 1115].)

[3]All further statutory references are to the Government Code unless otherwise indicated.

Section 11523 provides in pertinent part: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. . . ."

Petitioner contends that the APA (§§ 11500-11528), as made applicable to probationary teacher dismissal proceedings (Ed. Code, § 13443, subd. (c)), governs only the administrative phase of the dismissal procedure and has no bearing on judicial review of the board's administrative action. Therefore, petitioner asserts, section 11523 is not applicable to these proceedings. Petitioner's argument relies exclusively upon *Cameron* v. *Cozens* (1973) 30 Cal.App.3d 887 [106 Cal.Rptr. 537].

In the *Cameron* case the court rejected the Department of Motor Vehicles contention that the entire adjudicative process for suspension of operator's licenses, including judicial review, was governed by the APA. The decision required an interpretation of Vehicle Code section 14112, which provides that "All matters *in a formal hearing* not covered by [the provisions of the Vehicle Code relating to hearings] shall be governed, as far as applicable, by the provisions of the [APA]." (Italics added.) The court, seizing upon the italicized language, construed section 14112 as incorporating those portions of the APA which govern the conduct of the administrative hearing itself, but not those portions applicable to judicial review such as section 11523.

The result in *Cameron* is dependent upon an interpretation of particular language in a Vehicle Code section which has no counterpart in the Education Code. The decision therefore is not helpful in resolving whether APA provisions governing judicial review apply to dismissal proceedings conducted under Education Code section 13443.

Two recent Court of Appeal decisions, however, expressly recognize that Education Code section 13443, subdivision (c), incorporates the time restrictions of section 11523. (*Compton* v. *Board of Trustees* (1975) 49 Cal.App.3d 150, 154 [122 Cal.Rptr. 493]; *Burgess* v. *Board of Education* (1974) 41 Cal.App.3d 571, 577 [116 Cal.Rptr. 183].) Other decisions have implicitly reached the same result. (See, e.g., *Eichman* v. *Escondido etc. Sch. Dist.* (1964) 61 Cal.2d 100, 102 [37 Cal.Rptr. 199, 389 P.2d 727]; *Parker* v. *Board of Trustees* (1966) 242 Cal.App.2d 614, 616 [51 Cal.Rptr. 653].) ▮ We therefore conclude that the 30-day statute of limitations of section 11523 is applicable to proceedings for judicial review of administrative adjudication under Education Code section 13443.

## II.

▮ Petitioner asserts that if section 11523 is applicable hereto, its period of limitations did not commence to run until a copy of the

agency's written decision, findings and conclusions were served on or mailed to him. The board takes the position that the 30-day period of limitations commenced on July 22, the date specified as the effective date of its decision not to reemploy petitioner. For the reasons explained hereinafter, we sustain the petitioner's contention and, delivery of the decision having occurred on August 6, 1974, hold that the within petition, filed August 28, is not barred by section 11523.

■　Section 11518 requires that the agency "decision shall be in writing and shall contain findings of fact, a determination of the issues presented and the penalty, if any. . . . Copies of the decision shall be delivered to the parties personally or sent to them by registered mail." Failure to comply with section 11518 renders ineffective a decision taken after the hearing contemplated by Education Code section 13443, subdivision (c) (*Lucas* v. *Board of Education* (1975) 13 Cal.3d 674, 678 [119 Cal.Rptr. 462, 532 P.2d 110]).

Ordinarily, an administrative decision rendered under the APA does not become effective until after it is delivered or mailed to the affected party. (§ 11519.) If a party desires judicial review, he must file a petition for writ of mandate "within 30 days after the last day on which reconsideration can be ordered." (§ 11523; see fn. 3, *ante,* p. 488.) Reconsideration can be ordered by the agency at any time within the 30-day period following delivery or mailing of the decision to the affected party. (§ 11521.)[4] The agency, however, may shorten the period within which it has power to reconsider by accelerating the effective date of the decision "if such [accelerated] date occurs prior to the expiration of the 30-day period . . . ." (§ 11521.)

A common sense construction of the statutory language just quoted leads us to conclude that it contemplates an accelerated date falling *within* the 30-day period initiated by delivery or mailing of the formal decision to the affected party. ■　Thus, the earliest date upon which an administrative agency's decision can become effective, thereby commencing the limitations period of section 11523, is the date on which the decision is mailed or delivered. (See Cal. Administrative Mandamus (Cont.Ed.Bar) § 8.2, pp. 122-123.)

---

[4]Section 11521 in part provides: "(a) [T]he power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period . . . ."

The foregoing construction of section 11521 does not conflict with the holding in *Negaard* v. *Department of Aeronautics* (1973) 32 Cal.App.3d 92 [107 Cal.Rptr. 920]. There the period of limitations had long since expired whether the date of mailing or an earlier "effective" date specified by the agency was regarded as initiating the limitations period. Accordingly, the *Negaard* court's observation that the statute of limitations expired 30 days after the accelerated "effective" date specified by the agency (which was one day before the date of mailing) was not necessary to the decision. (See *People* v. *Gregg* (1970) 5 Cal.App.3d 502, 506 [85 Cal.Rptr. 273]; *Swinerton & Walberg Co.* v. *City of Englewood-L.A. County Civic Center Authority* (1974) 40 Cal.App.3d 98, 101 [114 Cal.Rptr. 834].) Moreover, as authority for its dictum, the *Negaard* court cited *Eichman* v. *Escondido etc. Sch. Dist., supra,* 61 Cal.2d 100, a case wherein the school board's decision was made "effective immediately upon service" of the decision upon the dismissed teacher.

Construing section 11521 to bar administrative agencies from making their decisions effective sooner than they are mailed or delivered to the affected party is consistent with the rule that school employees are entitled to have the statutory procedure for dismissal strictly followed and fairly construed. (See *Greer* v. *Board of Education* (1975) 47 Cal.App.3d 98, 105 [121 Cal.Rptr. 542].) It assures that a dismissed probationary teacher will be provided with a copy of the board's decision, findings and conclusions well before the date on which he must decide whether to seek judicial review. It thus fosters intelligent, considered decisions and avoids the necessity for rash, uninformed and wasteful judgments on whether judicial review should be sought.

Furthermore, the potential for inadvertent default inherent in the construction of section 11521 urged by the district is obviated by the interpretation here adopted. If the period of limitations were to commence on the accelerated effective date specified by the agency and, if the agency thereafter neglected to deliver or mail its formal decision to the affected party within the 30 days immediately following that date, it is entirely possible that the affected party would be unaware that the 30-day period of limitations was running. True, he must be advised by the board that his services will not be required for the ensuing year (Ed. Code, § 13443, subd. (e)), but even if such notification is given during the 30-day period, there is nothing in the statute that requires the notice further to advise the effective date of the board's decision or that a date different than the one otherwise applicable under section 11519 has been

specified by the board.[5] ▉ "It is obviously desirable that the time when the power to seek judicial relief expires be determinable with exactitude. The various agencies to whom section 11523 applies and the litigants affected by their decisions should be able to ascertain with certainty whether or not agency decisions are final or destined to dwell in judicial limbo . . . ." (*Compton* v. *Board of Trustees, supra,* 49 Cal.App.3d at p. 155.)

Finally, the interpretation of section 11521 here adopted will encourage administrative agencies desiring to advance the effective date of their decisions to prepare and serve written findings and issue determinations as quickly as possible. ▉ This in turn will promote the underlying objective of the Education Code provisions applicable to probationary teacher dismissals, i.e., to insure that nonreemployment decisions become final within a tightly constricted time frame for the mutual benefit of the involved employees and their school districts. (See *Rutherford* v. *Board of Trustees* (1974) 37 Cal.App.3d 775, 780 [112 Cal.Rptr. 560]; *Stewart* v. *San Mateo Junior College Dist., supra,* 37 Cal.App.3d at p. 348.)

▉ The delivery to petitioner on August 6, 1974, of the board's formal decision, findings and conclusions initiated the 30-day period of limitations contained in section 11523. The within petition was filed on August 28, 1974, and was therefore timely. In view of our holding we need not pass upon other contentions raised by petitioner.

The judgment is reversed and the cause remanded to the trial court with directions to vacate its order sustaining and to enter an order overruling the board's demurrer.

Friedman, J., and Paras, J., concurred.

---

[5]The notification in the instant case did not apprise petitioner that the effective date of the decision had been accelerated. (See fn. 2, *ante*, p. 488.)