Opinion
 

 ALLPORT, Acting P. J.
 

 Petitioner Lolita De Cordoba appeals from an order sustaining a demurrer to her amended petition for a writ of
 
 *158
 
 mandamus whereby she sought to have a decision of the governing board of the Whittier Union High School District and the district not to reemploy her for the school year of 1975-1976 vacated and set aside and ordering that she be reemployed for that year. The appeal lies. (Code Civ. Proc., §§ 581d, 904.1, subd. (a).)
 

 The decision not to reemploy petitioner was adopted by the board and, by its terms, made effective May 16, 1975. On June 19, 1975, petitioner requested a record of proceedings and on July 10, 1975, filed, pursuant to Code of Civil Procedure section 1094.5, her petition for writ of mandamus. There is no allegation as to date of delivery or service of the decision or delivery of the record of proceedings.
 

 Relying upon respondent’s points and authorities. Government Code sections 11523, 11521 and the cases of
 
 Eichman
 
 v.
 
 Escondido etc. Sch. Dist.,
 
 61 Cal.2d 100 [37 Cal.Rptr. 199, 389 P.2d 727] and
 
 Burgess
 
 v.
 
 Board of Education,
 
 41 Cal.App.3d 571 [116 Cal.Rptr. 183], the trial court ruled that the petition for the writ was not filed within the time required by law, sustained respondent’s demurrer without leave to amend and entered the order of dismissal from which this appeal is taken.
 

 Discussion
 

 Government Code section 11523 provides for judicial review in a mandamus proceeding of a decision of the administrative agency (in this case the governing board of the school district) and provides that “such petition shall be filed within 30 days after the last day on which reconsideration can be ordered.” Section 11521 provides for reconsideration by the agency itself on its own motion or on petition of any party. The power to order reconsideration expires 30 days after delivery or mailing of the decision to the affected party, or “on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or. . . .”
 

 In the instant case the order was made effective by the board itself on May 16, 1975, eliminating the 30-day period for reconsideration and activating the 30-day period for filing a petition for judicial review. Thus, assuming that the order was served on the date it was made, the time to file the petition in the instant case expired on June 15, 1975.
 
 [1]
 
 The
 
 *159
 
 petition for writ of mandate, not being filed until July 10, 1975, was untimely and the trial court properly sustained the demurrer to the petition.
 
 (Eichman
 
 v.
 
 Escondido etc. Sch. Dist., supra,
 
 61 Cal.2d 100, 102.)
 

 Petitioner argues that, by eliminating the 30-day period for reconsideration without giving notice of its action, the agency effectively deprived her of her constitutionally mandated right to due process. The argument is,without merit. The Legislature by enacting section 11521 expressly authorized the administrative agency to eliminate reconsideration as was done in the instant case. Petitioner has not denied that she was fully aware of the proceedings and promptly advised of the decision of the board. On March 13, 1975, she was given advance notice that she would not be reemployed. She submitted a written request for a hearing. A seven-day hearing was held pursuant to Education Code section 13443, concluding on May 6, 1975. A proposed decision was rendered May 14, 1975. The board adopted the proposed decision on May 16, 1975. The decision of the board, adopting the decision not to reemploy petitioner, stated that: “Service of this Decision shall constitute notice to Respondent that her services will not be required for the ensuing 1975-76 school year. [H] This Decision shall be effective on May 16, 1975."
 

 Section 11523 expressly authorized and made available judicial review. The action of the board in making its decision effective immediately did not deprive petitioner of such review. As a general rule, due process of law does not require that provisions for rehearings be made.
 
 (Lumbermen’s Mut. Cas. Co.
 
 v.
 
 Ind. Acc. Com., 29
 
 Cal.2d 492, 502 [175 P.2d 823].) The essential requirements of due process are met when the administrative body is required to determine the existence or nonexistence of the necessary facts before any decision is made
 
 (Mitchell
 
 v.
 
 Morris,
 
 94 Cal.App.2d 446, 450 [210 P.2d 857];
 
 Wheeler
 
 v.
 
 Gregg,
 
 90 Cal.App.2d 348, 362 [203 P.2d 37]) and the party is afforded an opportunity for review by the courts
 
 (Bodinson Mfg. Co.
 
 v.
 
 California E. Com.,
 
 17 Cal.2d 321, 326 [109 P.2d 935]). In the instant case petitioner was made aware of the charges preferred against her, given a full administrative hearing and afforded an opportunity for judicial review. Thus her constitutional right to due process was not violated.
 

 We turn to the order of dismissal from which this appeal is taken. We note that it is founded upon the sustaining of a demurrer to the petition for writ of mandate
 
 without leave to amend.
 
 In so doing we conclude that the trial court was in error. In
 
 Koons
 
 v.
 
 Placer Hills
 
 
 *160
 

 Union Sch. Dist.,
 
 61 Cal.App.3d 484 [132 Cal.Rptr. 243], it was held that the 30-day period for judicial review does not commence to run until a copy of the board’s decision has been delivered or mailed to the affected party. For the same reasons set forth in
 
 Koons
 
 it would follow that the time for requesting the agency to prepare the record, contemplated by section 11523, likewise does not commence to run until the decision is served upon the affected party. The June 19, 1975, request for the record may have been timely if the decision was not delivered until within 10 days of that date. The time to file the petition, in that event, was extended to 30 days after delivery of the record to petitioner.
 

 In the instant case there were no allegations in the petition as to dates of these key events. There is no allegation as to when the decision was delivered or mailed, or when the record was delivered to petitioner. While respondent’s brief at page 8 contains the statement that “. . . [appellant] cannot allege, any facts which indicate . . . that the requirements of service under Education Code Section 13443 and Government Code Section 11521 regarding the requirements of service were not complied with .. . ,” we are unable to find support for such a conclusion in the record before us.
 

 We conclude that, while the demurrer was properly sustained, procedural due process requires that it be sustained with allowance of a reasonable time to amend with a view to alleging the dates which are deemed crucial to a proper resolution of the issue.
 

 We have examined the case of
 
 Burgess
 
 v.
 
 Board of Education, supra,
 
 41 Cal.App.3d 571, and find same factually distinguishable and otherwise not controlling of our decision herein.
 

 The order of dismissal is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.
 

 Cobey, J„ and Potter, J., concurred.
 

 [1]
 

 The request for a record on June 19, 1975, by petitioner would have failed to extend the time for filing contemplated by section 11523 because the request was not filed within 10 days after May 16, 1975.