Filed 11/10/15  Guess v. Contra Costa Community College Dist. CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PAUL GUESS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CONTRA COSTA COMMUNITY<br>COLLEGE DISTRICT,<br><br>    Defendant and Respondent. | A141391<br><br>(Contra Costa County<br>Super. Ct. No. MSN131520) |

Paul Guess in propria persona appeals from a judgment dismissing his petition for a writ of mandate, which challenged the Contra Costa Community College District's (the District)[1] decision to terminate his employment.  The trial court found that the statute of limitations under Government Code section 11523[2] barred Guess's petition and sustained the District's demurrer without leave to amend.  We agree that Guess's petition was untimely, and the statute of limitations was not suspended under the doctrine of equitable tolling.  Accordingly, we affirm the judgment dismissing Guess's petition.

### BACKGROUND

Guess was a tenured English instructor at Diablo Valley College, where he had taught since 1990.  The District suspended and dismissed him from his position on February 22, 2012.  Guess filed a timely notice of objection and demand for a hearing.

---

[1] The District was erroneously sued as Contra Costa Community Colleges.

[2] All further unspecified code sections refer to the Government Code.

1

Guess had legal representation at his hearing before an administrative law judge (ALJ) at the Office of Administrative Hearings (OAH). The hearing began in September 2012; the ALJ issued a decision on May 31, 2013, and a corrected decision on July 15, 2013. The ALJ ruled that the District should dismiss Guess immediately, explaining: "[The District] demonstrated [Guess's] unprofessional conduct toward students, fellow teachers and administrators. He has repeatedly refused to comply with directives that concern matters of importance to the [D]istrict and its students, and he has demonstrated that, if he is allowed to return to work, he will not comply with those directives. The [D]istrict's conclusion that [Guess's] conduct warrants dismissal is fully supported by the evidence, and it is reasonable." The ALJ gave notice that the power to order reconsideration of the decision would expire 30 days after the delivery or mailing of the decision to the parties.

Counsel for the District and Guess filed timely petitions for reconsideration. The ALJ denied both parties' petitions on August 13, 2013.

On September 16, 2013, at 1:00 p.m., Guess went to the superior court to file in person a petition of mandate, but the clerk's office was closed. On this same date, Guess mailed his petition to the court. On September 18, 2013, the clerk of the court returned the document to Guess for failing to send the filing fee. Guess paid the fee on September 23, 2013, and the clerk filed his petition on that date.[3]

On October 24, 2013, the District demurred, arguing that Guess's petition was untimely. At a hearing on the demurrer, the trial court ordered supplemental briefing.

On January 3, 2014, Judge David B. Flinn sustained the District's demurrer without leave to amend. The court found that Guess's petition was barred by the statute

---

[3] On September 30, 2013, Guess sent an e-mail to OAH requesting that the corrected decision be made explicit on certain issues. The ALJ treated the request as a motion for reconsideration and, on October 4, 2013, denied Guess's motion for failure to give proper notice. The ALJ also noted that his power to order reconsideration pursuant to section 11521 ended 30 days after he issued his corrected decision on July 15, 2013, and that date had "long since lapsed."

of limitations under section 11523.  On January 30, 2014, the court dismissed Guess's petition with prejudice.

On January 30, 2014, Guess filed a motion for new trial.  Judge George V. Spanos held a hearing, and dismissed Guess's motion for new trial on March 5, 2014.

Guess filed a timely notice of appeal.

## DISCUSSION

### I. *Failure to Comply with the Rules of Court*

The District asserts that Guess's opening brief and appendix in this court fail to comply with the California Rules of Court.  It urges us to dismiss Guess's appeal on this basis.

We agree that Guess's briefs and appendix are deficient.  Guess's opening brief does not contain a statement of appealability, certificate of interested parties, or certificate of word count.  (Cal. Rules of Court, rules 8.204, 8.208.)  Additionally, his appendix omits documents required by California Rules of Court, rule 8.124(b)(1), and includes documents not properly before this court.

Guess failed to provide an adequate record for our review.  (See, e.g., *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [" 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed' "].)  Although it is within our discretion to disregard Guess's opening brief and appendix, the District provided us with the relevant documents and Guess's challenges to the trial court's rulings are readily discernable from his brief.  Both parties have had an opportunity to address the pertinent issues; therefore, we exercise our discretion to consider the merits of the appeal.  (Cal. Rules of Court, rule 8.204(e)(2)(C); see also *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 237.)

### II. *The Demurrer*

The trial court sustained the District's demurrer against Guess's petition because it found the petition was untimely.  Guess maintains that the statute of limitations did not expire until September 16, 2013, the date he mailed the petition and attempted to file it in

3

the court and, even if his petition were untimely, he should have been able to proceed under the doctrine of equitable tolling. As explained below, these contentions lack merit.

## A. *Standard of Review*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

## B. *The Statute of Limitations*

The Administrative Procedure Act (§ 11500 et seq.) sets strict time deadlines for judicial challenges to administrative decisions. "Statutes of limitation 'are, of necessity, adamant rather than flexible in nature' and are 'upheld and enforced regardless of personal hardship.' [Citations.] 'When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period . . . . [Citation.] In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause . . . . [Citation.]' [Citation.] " (*Sinetos v. Department of Motor Vehicles* (1984) 160 Cal.App.3d 1172, 1175-1776.)

Section 11521, subdivision (a) provides that "[t]he agency shall notify a petitioner of the time limits for petitioning for reconsideration. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to a

4

respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period . . . ."

"Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency.  Except as otherwise provided in this section, the petition shall be filed within 30 days after the last day on which reconsideration can be ordered. . . ."  (§ 11523.)

## C.  *Applying the Statute of Limitations to the Present Case*

The ALJ issued the corrected decision on July 15, 2013, and had until August 14, 2013, under the 30-day time limit of section 11521, subdivision (a), to reconsider his order.  The ALJ denied both parties' motions for reconsideration on August 13, 2013.

The District argues that under *Koons v. Placer Hills Union Sch. Dist.* (1976) 61 Cal.App.3d 484, the ALJ's reconsideration order mailed on August 13, 2013, triggered the 30-day time limit (§ 11523) for judicial review.  (*Koons,* at p. 490.)  The District maintains that Guess had to file his petition by September 12, 2013, 30 days after August 13, 2013.

In ruling on the demurrer, the trial court observed that an analysis more favorable to Guess had the statute of limitations beginning to run when the time to file a reconsideration order expired, which was August 14, 2013.  Under this analysis, Guess had to file his petition by September 13, 2013.

Under either of the above two calculations, Guess's petition was untimely.  Guess mailed his petition on September 16, 2013.  The clerk returned it to him for failing to submit the filing fee; Guess paid the fee and filed the petition on September 23, 2013.

Guess maintains that the date starting the 30-day period under section 11521, subdivision (a), was not when the ALJ mailed the decision on July 15, 2013, but when Guess received it on July 17, 2013.  Under his theory, the time period for reconsideration expired on August 16, 2013.  He claims that he then had 30 days to seek judicial review under section 11523, and, since the 30th day was Sunday, September 15, he had until

5

Monday, September 16, 2013, to file his petition. He declares that he timely filed his petition by mailing it to the clerk of the superior court on September 16, 2013.

Guess's argument incorrectly interprets "delivery" as when he received the mailed document. The statutes specify that the ALJ's power to reconsider an order expires 30 days "after the delivery or mailing of a decision." (11521, subd. (a); 11519, subd. (a) ["The decision shall become effective 30 days after it is delivered or mailed to respondent"].) Here, the ALJ's order was not delivered personally to Guess; rather it was mailed to him. Thus, July 15, 2013, the date the corrected decision was deposited in the mail, commenced the 30-day time period; he needed to seek judicial review, at the latest, by September 13, 2013.

Furthermore, contrary to Guess's argument, his petition was not filed when he mailed it to the court on September 16, 2013. Guess claims that the court's web site and the clerk's recorded phone message indicated that the petition was deemed filed when mailed. Guess neglects to support this argument with a citation to the record and does not establish that this evidence was properly before the trial court. Moreover, even if this evidence were properly before us, Guess's argument has no merit. The California Rules of Court expressly state, "Unless otherwise provided, a document is deemed filed on the date it is *received* by the court clerk." (Cal. Rules of Court, rule 1.20(a), italics added.)

Guess filed his petition after the statute of limitations had run and the trial court properly sustained the District's demurrer against his untimely petition.

### D. *Equitable Tolling Does Not Apply*

Guess argues that equitable tolling should apply and that the statute of limitations should be extended until September 23, 2013, the date when the clerk filed his petition.

"The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine." (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99 (*McDonald*).) It is sparingly applied. (*Addison v. State of California* (1978) 21 Cal.3d 313, 316.) "It is 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.' " (*McDonald*, at p. 99.)

6

"[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded.  As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred."  (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370-371, fn. omitted.)  The petitioner bears the burden of proving the applicability of equitable tolling.  (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 912.)

In section 11523, the Legislature has extended the time to file a petition for judicial review where the delay was due to preparation of the administrative record after a timely request had been made for it.[4]  Guess has not cited any court that has judicially created an additional basis for tolling the statute of limitations under section 11523.

Guess contends that the statute of limitations under section 11523 should have been tolled because he did not know that rule 1.20(a) of the California Rules of Court specifies that the petition is filed on the date the clerk of the superior court receives it.  Relying on *McDonald, supra,* 45 Cal.4th 88, he claims that the District suffered no prejudice from his late filing and had sufficient notice of his claims.  He also insists that he satisfied the element of good faith discussed in *McDonald* because he was unable to file the petition on the day he believed it was due as a result of the court's being closed at 1:00 p.m., he mailed the petition and served the District on the day he believed it was due, and the delay was minimal.

The court in *McDonald, supra,* 45 Cal.4th 88 holds that the statute of limitations is equitably tolled when a party with multiple available remedies pursues one in a timely manner.  (*Id.* at p. 102 & fn. 2.)  In *McDonald,* the statute of limitations on the employee's claim under the California Fair Employment and Housing Act was equitably

---

**4**  Section 11523 reads:  "Where petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record the time within which a petition may be filed shall be extended until 30 days after its delivery to him."

7

tolled while she pursued an internal administrative remedy prior to filing her complaint. The court concluded that the plaintiff's pursuit of an internal remedy satisfied the required elements of " 'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.' " (*McDonald*, at pp. 102, 105.)

Even if we were to presume that the doctrine of equitable tolling could be applied in the present context (see *Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 794-795 [court denied relief under Code Civ. Proc., § 473 from late filing of petition because Gov. Code, § 11523 did not provide for extension of filing period on a showing of good cause]), Guess cannot satisfy the requirements set forth in *McDonald, supra,* 45 Cal.4th 88.  The *McDonald* court observed that a required element is " 'timely notice . . . .' " (*Id.* at p. 102.)  "The timely notice requirement essentially means that the first claim must have been filed within the statutory period." (*Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 924.)  Here, Guess did not file any claim within the statutory period.  Additionally, Guess has not satisfied the reasonable and good faith requirement. He has not cited any authority holding that not knowing the law or California Rules of Court is reasonable and good faith conduct warranting the suspension of the statute of limitations.  To the contrary, courts have consistently held that ignorance of the law (see, e.g., *Tammen v. San Diego County* (1967) 66 Cal.2d 468, 476) and a plaintiff's innocent mistake, not caused by the defendant (*Kupka,* at pp. 795-796), will not excuse a late filing.

Accordingly, equitable tolling does not apply in the present case.[5]

---

[5] Guess contends that the District had to apply the equitable tolling doctrine. Presumably, he is arguing that the District was foreclosed from asserting a statute of limitations argument because equitable tolling, in his view, applied.  This argument has no merit as it is the court, not the defendant, that decides whether equitable tolling applies.  (See, e.g., *McDonald, supra,* 45 Cal.4th at pp. 100, 102.)

8

**E.** *No Abuse of Discretion*

The trial court did not abuse its discretion by sustaining the District's demurrer without leave to amend.

It is the plaintiff's burden to show the reviewing court that there is a reasonable possibility that the defect in the pleading can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "On appeal, there is a presumption in favor of the actions of the trial court to the effect that its discretion was properly exercised, and the burden and responsibility is on the appellant to affirmatively establish an abuse of that discretion." (*Mesler v. Bragg Management Co.* (1990) 219 Cal.App.3d 983, 991.)

In the present case, Guess has not met his burden of showing how he could amend his pleading to remedy the errors.[6] Indeed, as noted above, Guess's petition establishes on its face that it cannot be amended to remedy the errors as it is time barred.[7]

### III. *Motion for New Trial*

Guess's notice of appeal indicated that he was appealing from the order denying his motion for a new trial. The District maintains that he has abandoned any challenge to this order because his appellate opening brief does not include any argument or discussion of this motion.

---

[6] At oral argument, Guess for the first time argued that the ALJ's decision failed to comply with section 11518 because it was mailed rather than sent by registered mail. We note that section 11518 is inconsistent with section 11519 and more recent statutes, which state the decision must be "mailed" or "delivered." We need not consider whether the mailing of the decision sufficiently complied with section 11518 since "[w]e do not consider arguments that are raised for the first time at oral argument." (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1553, fn. 9.)

[7] Guess also declares that the trial court incorrectly denied his fee waiver request. The court denied Guess's request because the income he provided showed that he had "sufficient net income before expenses." Guess cannot demonstrate any error as he fails to cite to any evidence in the record showing that this finding was in error. Moreover, the fee matter is not properly before us; Guess is appealing the dismissal of his petition based on a finding that it was time barred. Guess mailed his petition on September 16, 2013, and, even if the clerk had filed Guess's initial petition without the fee, it was received by the clerk after the statute of limitations had expired.

The ruling denying the motion for new trial is not appealable, but the order may be reviewed on appeal from the underlying judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18.) In the present case, the ultimate questions in the motion for a new trial involved the timeliness of Guess's filing of his petition and the application of equitable tolling. These issues are identical to those presented by Guess's challenge to the court's sustaining the District's demurrer without leave to amend. Thus Guess's appeal from the motion for a new trial fails for the same reasons we rejected his objections to the ruling on the demurrer.

## DISPOSITION

The judgment is affirmed. Guess is to pay the costs of appeal.

_____
Kline, P.J.


We concur:


_____
Stewart, J.


_____
Miller, J.