[No. B015580. Second Dist., Div. Five. Sept. 23, 1986.]

NELSON JONES, Plaintiff and Respondent, v.
CALIFORNIA HORSE RACING BOARD, Defendant and Appellant;
HOLLYWOOD PARK OPERATING COMPANY, INC.,
Real Party in Interest and Appellant.

## COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Richard M. Radosh, Deputy Attorneys General, for Defendant and Appellant.

Iverson, Yoakum, Papiano & Hatch and John A. Slezak for Real Party in Interest and Appellant.

Starre & Cohn, Shelley A. Albaum and Gary A. Starre for Plaintiff and Respondent.

## OPINION

**EAGLESON, J.**—Eighty-five days after the California Horse Racing Board (Board) determined that Nelson Jones (Jones) was properly excluded from two horseracing tracks (see Bus. & Prof. Code, § 19573[1,2]), he appealed that decision in the superior court, seeking a writ of administrative mandamus. ■ We hold that this action exceeded the 30-day statute of limitations established by section 19463 for this type of administrative challenge.

### FACTS

On May 6, 1984, Jones was removed from Hollywood Park Race Track (Hollywood Park) pursuant to Board rule 1990 (Cal. Admin. Code, tit. 4,

---

[1]All subsequent code section references apply to the Business and Professions Code unless otherwise noted.

[2]Section 19573 sets forth the rights of an excluded patron to a hearing before the Board.

§ 1990). Hollywood Park requested that Jones leave its premises because he repeatedly had been seen gaining access to the Winner's Circle, a restricted area solely for horse owners, trainers and their friends. Jones also had been seen associating with bookmakers and touts in the clubhouse area.

On May 11, 1984, Jones appealed to the Board for a hearing regarding his exclusion from the Hollywood facility.

On October 13, 1984, while that appeal was pending, Jones attended another racetrack owned by Hollywood Park, Los Alamitos Race Course (Los Alamitos). Jones was excluded from this racetrack for three reasons: he had (1) improperly gained access to a restricted employee parking area by using his wife's expired and nontransferrable parking pass; (2) improperly entered the more expensive clubhouse area by paying the $2.25 general admission and "walking over" to the $4 clubhouse; and (3) entered the Los Alamitos racecourse without first obtaining a Board hearing adjudication regarding his exclusion from Hollywood Park, in violation of section 19574.

On October 26, 1984, a Board-appointed hearing officer conducted a hearing pursuant to section 19574 to consider Jones's exclusions from the two racetracks. On November 29, 1984, the Board issued a decision upholding the exclusions.

Eighty-five days later, on February 22, 1985, Jones filed a petition for writ of mandate in the superior court. He contended that the Board's decision was not supported by substantial evidence and that the evidence demonstrated Hollywood Park's decision to exclude him was arbitrary.

The Board and Hollywood Park independently responded to Jones's petition by urging that it was barred by the 30-day statute of limitations in section 19463. Both parties also argued that the Board's decision was supported by substantial evidence.

On June 10, 1985, the court heard arguments concerning Jones's petition. The court held that section 19463's statute of limitations did not apply in the instant case. Additionally, the court issued an interlocutory order remanding the matter to the Board for "expanded" evidentiary findings because of an inadequate record or, alternatively, allowing the Board to reverse its order sustaining Jones's expulsions from the two racetracks.

The Board and Hollywood Park appeal from this order.

## DISCUSSION

We need not reach the parties' substantive arguments because the action is barred by the 30-day statute of limitations in section 19463.

Sections 19572 and 19573 establish the Board's authority to adopt rules regulating the ejection and exclusion of patrons at racetracks. These Board-adopted rules are codified in title 4 of the California Administrative Code sections 1980-1990. Rule 1980 prescribes the grounds for mandatory exclusion of patrons. Rule 1990 provides an individual racing track operator with the authority to exercise its private property rights and exclude patrons for any valid reason.

Section 19573 entitles an excluded patron to an administrative hearing before the Board. (See *Morton* v. *Hollywood Park, Inc.* (1977) 73 Cal.App.3d 248, 254 [139 Cal.Rptr. 584].) This code section does not have a self-contained statute of limitations. However, section 19463 prescribes a 30-day limitations with direct application to section 19573 situations. In relevant part, section 19463 provides: "The action of the board in suspending or revoking a license issued under this chapter is final, *except that the propriety* of the action of suspending or revoking a license or *of any other final administrative action of the board* is subject to review by any court of competent jurisdiction if the action is commenced in the court within 30 days of the board's action." (Italics added.)

*Aroney* v. *California Horse Racing Bd.* (1983) 145 Cal.App.3d 928 [193 Cal.Rptr. 708] considered a racetrack patron's mandamus challenge of the Board's decision upholding his exclusion from the track. At issue was whether the patron was barred from seeking a writ of mandate some 120 days after the Board issued its decision. Deciding the appeal before the enactment of section 19463, the court held that section 19573 was deficient in not defining a period of limitations under the terms of the Administrative Code. Rather, the applicable provisions of the Code of Civil Procedure would apply. (*Id.,* at p. 933.)

Some two weeks after the filing of the *Aroney* decision, Assembly Bill No. 1230, concerning various aspects of horseracing, was introduced into the California Assembly. Although this bill originally failed to specify a statute of limitations period, the bill was amended on May 12, 1983, to include a 30-day statute of limitations. The amendment made the 30-day rule applicable to license suspensions or revocations, *and any other final administrative decision of the Board.*

The Legislature is presumed to have had knowledge of existing judicial decisions and to have acted in light of those decisions. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) We therefore conclude the Legislature's enactment of Assembly Bill No. 1230 heeded the *Aroney* court's call for a special statute of limitations in situations such as this one. The Legislative Counsel's Digest clearly

supports this reasoning: "(6) Under existing law, *the board is required to administer and enforce all laws, rules, and regulations affecting horseracing and parimutuel wagering* and to license each racing association and all persons participating in a horseracing meeting with parimutuel wagering. The board's action in suspending or revoking a license is final except that it is subject to review by a court. [¶] This bill would specify that court review of the board's action in suspending or revoking a license or *undertaking any other final administrative act must be commenced in the court within 30 days of the board's action.*" (Italics added.)

This legislation was signed into law and effective on the dates at issue here.

### DISPOSITION

We reverse and remand this matter with directions that the trial court enter a judgment denying the writ of mandate. The parties are to bear their own costs on appeal.

Feinerman, P. J., and Hastings, J., concurred.